**Marian Ruth SULLIVAN, Appellant,**

v.

**Aubrey W. SULLIVAN, Respondent.**

**No. KCD 28496.**

Missouri Court of Appeals, Kansas City District.

Aug. 8, 1977.

---

John E. Burruss, Jr., Jefferson City, for appellant; Hendren & Andrae, Jefferson City, of counsel.

Robert L. Hyder, Jefferson City, for respondent; Hyder & McHenry, Jefferson City, of counsel.

Before SWOFFORD, P. J., PRITCHARD, C. J., and DIXON, J.

PRITCHARD, Chief Judge.

In this dissolution of marriage case, appellant contends that the trial court erred in dividing the property of the parties in that under § 452.330.1, RSMo (1973 Supp.), she was denied a just and equitable share therein; that the trial court erred in failing to award her maintenance; and that it erred in failing to require respondent to pay $2,000.00 which was loaned to him by her, the money being insurance settlement proceeds which she was holding for her son by a previous marriage.

The parties were married August 16, 1970, lived in Jefferson City, Missouri, for a time, moved to Arlington, Virginia, in 1972, where respondent was an aide to a Congressman, then they moved back to Jefferson City where respondent continued his congressional employment. Before the marriage, respondent owned a home at 420 East Dunklin in Jefferson City into which the parties moved on returning from Virginia, where they owned a home which was then sold. Respondent, in planning the marriage, bought a house at 13 Henwick Lane in Jefferson City, paying $1,000.00 down payment and giving a $2,000.00 second mortgage which appellant paid off before the marriage. This house was sold when the couple moved to Virginia.

There was about $3,100.00 from the sale of the Virginia property which was expended for improvements on the Dunklin Street property, which continued to be owned by respondent. Most of the furniture except for a television set, a platform rocker, and a rolltop desk used during the marriage belonged to appellant before the marriage. A shipping bill for the move from Virginia was marked paid as payment for damage to the furniture during shipment.

By the decree of dissolution respondent was awarded the Dunklin Street property owned by him prior to the marriage; a color television, a rolltop desk, a king size bed, a large mirror, a fireplace screen, a dining room suite, two recliner chairs, and a 1970 Harley Davidson motorcycle, upon which he was to pay the remaining obligation. Appellant was awarded all of the furniture, which was her personal property prior to the marriage, which was in the Dunklin Street residence; a 1964 Buick; and in lieu of all other marital property, respondent was to pay her $2,500.00. No maintenance was awarded appellant.

As to the division of the property, it is a matter resting within the sound discretion of the trial court. *In re Marriage of Schulte,* 546 S.W.2d 41, 46–47 (Mo.App. 1977), where it was said that an appellate court will interfere only if the division of property is so heavily and unduly weighted

in favor of one party as to amount to an abuse of discretion. Here, there is no question but that the Dunklin Street property was respondent's separate property acquired before the marriage. This is so even though its value was increased by virtue of improvements made from funds contributed by appellant, i. e., from other marital property. *Stark v. Stark*, 539 S.W.2d 779, 783[5] (Mo.App.1976). See also *Cain v. Cain*, 536 S.W.2d 866, 872 (Mo.App.1976). The value of the Dunklin Street property at the time of dissolution, so as to give a precise basis for enhanced value by reason of contributions made from marital property, and hence to be a factor for the division of marital property, which was done in the *Stark* case, supra, is not in evidence. It does appear that $3,100.00 of the sale proceeds of the Virginia property, which was undoubtedly marital property, was used by the parties to improve the Dunklin Street residence. $2,500.00 was awarded appellant as and for other marital property, and it may be assumed that about one-half of the Virginia sale proceeds was awarded appellant, plus the difference in any other property to make up the total of $2,500.00. The contributions of the parties to the marital property [a relevant factor under § 452.330 1.(1)] was disputed. Respondent contended appellant used all of her earnings upon herself; appellant denied that and claimed that the money was spent by the two of them for the home and other necessities. The resolution of this conflict was for the trial court. In any event, it does not appear that the trial court's division of this small estate of the parties was so disproportionate as to amount to an abuse of discretion. See *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976).

■ An inability to support oneself is one of the factors which must be shown to justify an award of maintenance under § 452.335. See *In Re Marriage of Neubern*, 535 S.W.2d 499, 503[4, 5] (Mo.App.1976); *In Re Marriage of J____H____M____*, 544 S.W.2d 582, 587[6] (Mo.App.1976). Although appellant did not have sufficient property to provide for her reasonable needs, and was at the time of trial unem-

ployed and recovering from a series of surgeries, she testified that she hoped to return to work soon. As said in *Beckman v. Beckman*, 545 S.W.2d 300, 302[5, 6] (Mo. App.1976), "For maintenance Missouri law requires more than unemployment." Whatever may be the import of these cases, the facts show that appellant was unable to work at the time of trial because of illness; she was living with "and off of" her parents; she, being over age 40, had a teenage son to support; and she was then practically destitute. She was guilty of no marital misconduct according to the record. Her reasonable living expenses, rent, food, hospitalization insurance, car expenses, medication, utilities, and miscellaneous, were testified by her to total about $547.00 per month. The evidence is that respondent's take-home pay was $1,300.00 per month. When working, appellant's take-home pay was $317.00 per month. The parties were married more than five years. Considering all the relevant factors of § 452.335, it appears that the trial court erred in not awarding maintenance to appellant, and that a reasonable award would be $250.00 per month, being subject, of course, to future modification upon a showing of changed circumstances of the parties.

■ Appellant cites no authority that she was entitled to payment from respondent of $2,000.00 loaned to him from her son's money. The point may be deemed abandoned. Rule 84.04(d); *Holtmeyer v. Scherer*, 546 S.W.2d 29, 35[17] (Mo.App.1976). However, it would appear that if the money were in fact loaned by appellant, in a fiduciary capacity, to respondent upon his promise to repay it, it would have nothing to do with the dissolution proceedings, and a separate action might be maintained, if not otherwise barred, by the son or by someone on his behalf, to recover it.

That part of the judgment dividing the marital property and the requested payment of the fiduciary fund is affirmed. That part of the judgment denying maintenance is reversed and the case is remanded with directions to enter a judgment for

maintenance in the amount of $250.00 per month from the date of the decree of dissolution herein.

All concur.