Carl Glen MERRITT, Sr.,
Petitioner-Appellant,

v.

Rosalee MERRITT, Respondent.

No. 11632.

Missouri Court of Appeals,
Southern District,
Division Three.

May 7, 1981.

Theodore M. Henson, Jr., Scott & Henson, Poplar Bluff, for petitioner-appellant.

Ralph R. Bloodworth, Jr., Bloodworth & Bloodworth, Poplar Bluff, for respondent.

## PER CURIAM.

This is an appeal from a judgment in a dissolution proceeding in which the trial court dissolved the marriage of the parties, awarded custody of the two minor children to petitioner-husband with reasonable visitation rights to respondent-wife, awarded respondent $5,500 alimony in gross and $450 attorney fees, awarded respondent a freezer and ironing board that were gifts from her mother, awarded petitioner all other personal property owned by the parties, and declared that a stipulation and property settlement agreement previously entered into by the parties "is hereby set aside and is not made a part of this decree."

The decree did not contain any findings of fact other than jurisdiction of the court to hear the suit, a finding that the marriage was irretrievably broken, the fact that the two children were born of the marriage, and that the stipulation and property settlement was not approved and was set aside.

On appeal, petitioner contends that the trial court erred in 1) awarding respondent $5,500 alimony in gross because, among other things, the trial court did not make any findings that respondent was unable to support herself through appropriate employment, or was the custodian of children whose condition or circumstances made it appropriate that she not be required to seek employment outside the home, 2) failing to find that the property settlement entered into by the parties on July 27, 1978 was unconscionable, which is the basis for setting aside or failing to approve a property settlement, and 3) awarding respondent's attorney $450 attorney fees, as there was no evidence that petitioner was financially able to pay the fee.

Section 452.335, RSMo 1978, provides that in a proceeding for dissolution of marriage, a court may award maintenance to either spouse (here designated as alimony in gross by the trial court) but only if it finds that the spouse seeking maintenance 1) lacks sufficient property, including marital property apportioned to him to provide for his reasonable needs; and 2) is unable to support himself through appropriate employment, or is the custodian of a child whose condition or circumstances make it appropriate that the custodian not be required to seek employment outside the home.

The trial court was not well served either by the quality or quantity of evidence from the parties on why respondent was entitled to maintenance. Regardless of such deficiency, the trial court was obligated to decide, and specifically announce that respondent lacked sufficient property, including marital property, to provide for her reasonable needs, and since respondent was not the custodian of minor children, that she was unable to support herself through appropriate employment. *Abney v. Abney*, 575 S.W.2d 842, 844 (Mo.App.1978). No such findings were made by the trial court.

■ Another problem evident here is that in awarding maintenance, the division of marital property is a factor for the trial court to consider, *Poague v. Poague*, 579 S.W.2d 822, 824 (Mo.App.1979), as well as the inability to support oneself. *Sullivan v. Sullivan*, 555 S.W.2d 71, 73 (Mo.App.1977). Here, the trial court did not make any declaration as to what was marital property, and what was not, did not declare what the value of the marital property, if any, was, and did not make a division, item by item, of the marital property. All the court's decree said on this, with the exception of the award of the freezer and ironing board to respondent because they had been gifts to her, was that all other property owned by the parties was awarded to petitioner.

■ A judgment which ascribes no value to any of the marital property adjudged to each spouse remains incomplete and open, since the statute governing the division of marital property requires a decree which divides the assets of the marriage by description and value. § 452.330; *Hopkins v. Hopkins*, 597 S.W.2d 702, 710 (Mo.App. 1980).

■ Regarding the issue of the trial court setting the property settlement agreement aside, the decree merely stated, "The stipulation and property settlement agreement entered into by the parties on July 27, 1978, is not approved by this court and is hereby set aside." The trial court has the authority to set aside a property settlement agreement, § 452.325, but in so doing, the court has a clear duty to pronounce the terms of the agreement unconscionable, as a part of the decree. *Wilhoit v. Wilhoit*, 599 S.W.2d 74, 75 (Mo.App.1980). The trial court did not do so here, and its failure to do so was error.

■ As to the award of $450 to respondent as attorney fees, it appears that this matter was within the trial court's judicial discretion as there was some evidence in the record of petitioner's ability to pay that sum.

■ On remand, it will be the prerogative of the trial court to reopen this case for such further evidence as it deems appropriate to furnish the factual basis for an award of maintenance in gross to respondent, if she is, in fact, entitled to such an award, and to determine if the property settlement agreement was, in fact, unconscionable. The present record is less than adequate to enable the trial court to perform the judicial functions imposed on it by statute in the areas noted herein. *Fields v. Fields*, 584 S.W.2d 163, 167 (Mo.App.1979).

We affirm the judgment of the trial court insofar as it grants the order of dissolution of marriage, awards custody of the children, and awards attorney fees. With respect to the award of alimony in gross (maintenance) and the setting aside of the stipulation and property settlement agreement, the judgment of the trial court in those respects is reversed, and the cause is remanded for further proceedings consistent with this opinion.

All concur.