**Judith C. LEONARD, Respondent,**

v.

**Robert Gene LEONARD, Appellant.**

**No. 44324.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Jan. 12, 1982.

Robert F. Summers, Allan H. Zerman, Clayton, for appellant.

Bernard Edelman, Clayton, for respondent.

CRIST, Judge.

Husband appeals from decree in marriage dissolution proceeding instituted by wife. He claims the trial court misallocated the marital assets. We affirm.

The parties to this action had been married for more than nineteen years when they separated in December, 1979. Four children resulted of this marriage, ranging in age from 15 to 19 years at the time of the decree.

Wife was employed part-time as a medical claims examiner for a life insurance company and earned approximately $7,500 per year. Husband was a full-time mechanic for the United States Postal Service and received annual compensation of $18,-000.00.

The parties owned three parcels of real property: (1) The family residence, which the court valued at $75,000.00; (2) Twenty-five acres in Fredricktown, Missouri found to be worth $11,000.00 and (3) A lot at

Rocky Ridge Ranch valued at $2,000.00. Wife's mother contributed almost three-quarters of the down payment on the family residence and made monthly payments to the couple for the right to live with them. Wife also used $4,000.00 from her father's pension plan to pay off the mortgage on the family residence.

In addition, the parties had numerous items of personal property, including two cars, household goods at the family residence and husband's pension plan worth $8,000.00.

The decree awarded custody of the children to wife and gave husband reasonable visitation privileges. Husband was ordered to pay $112.50 per month child support for each child, $450.00 per month total. Wife asked for no maintenance and received none.

The decree awarded wife the family residence, one of the family cars and the household goods at the family residence, except for such items as husband's tools, musical instruments and utility trailer.

Husband received the other two parcels of real estate, a car, the aforementioned personal property and his pension. Husband challenges this distribution as being unjust, inequitable and an abuse of the trial court's discretion.

The fact there was considerable difference in the worth of the property awarded to wife as balanced against that awarded to husband does not under the details of this case show error. Such disparity is only one aspect to be examined. Section 452.330.-1(2), RSMo. 1978. *In re Marriage of Miller*, 609 S.W.2d 497, 499 (Mo.App.1980). The trial court was also directed to consider other relevant factors under § 452.330.1, including the "contribution of each spouse to the acquisition of the marital property" and the "economic circumstances of each spouse ... including the desirability of awarding the family home ... to the spouse having custody of any children." The evidence clearly showed that wife and her family contributed substantially to the purchase of the family residence. Further, wife was shown to have a much smaller annual in-come than husband, but did not request nor receive maintenance. Additionally, wife was awarded custody of the four children. The award of marital property was justified by the evidence.

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.