**Catherine Ann CONWAY, Respondent,**

**v.**

**Richard Howard CONWAY, Appellant.**

**No. 46023.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 21, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 29, 1983.

Rene E. Lusser, St. Louis, for appellant.

Joseph A. Fenlon, Clayton, for respondent.

CLEMENS, Senior Judge.

In this no-ill-will dissolution case there is no issue of termination, nor of child custody, visitation and maintenance. Nor do the parties specifically challenge the division of real and personal marital property.

Now at issue are two of the decree's cash provisions, neither of which had been specifically pleaded. First, husband challenges the $20,000 lump sum award to the wife purportedly to make up for her greater contribution to marital assets. Second, husband challenges the $1,200 attorney fee award. These in turn.

A basic factor here is the parties' disparate physical condition. The husband, in his forties, is healthy and industrious. He has long owned a stable business but lately of declining profits; he made over $16,000 in 1980, but only about $11,000 in 1981. Husband is devoted to and has extensive visitation with the parties' three children, fifteen, thirteen and ten. There is no apparent animosity between husband and wife.

The wife's physical condition is a major factor here. Since a time before the marriage she has been a wheel-chair paraplegic, paralyzed below the waist. She is incontinent and every few hours must replace her lower protective clothing. Despite this the wife is trained and licensed as a chiropractor. Except for a short time after the births of the three children she has practiced half-time from her wheel-chair. She believes her work ability will increase.

By the decree's uncontested provisions the wife was given: the family residence valued by each party at $150,000, car and household furnishings worth $8,500, child support of $675 a month and the contested $20,000 lump sum and $1,200 attorney fee.

Husband was given the parties' resort home valued by wife at $80,000 and by him at $56,000, the "Salisbury" acreage worth

$10,000, a boat and trailer worth $3,000, husband's stock in his wholly-owned glass company valued at $11,000, his retirement fund therein worth $4,000 to $7,350 and his home furnishings worth $3,000.

By husband's computation of values this division was a 73–27 percentage split in the wife's favor. By her valuations it was a 61–39 percentage division. Because the parties agreed to the specific properties to be divided the percentages are not now pertinent.

As said at issue is the now-challenged $20,000 lump sum award to the wife. This was almost enough for her to pay off the $21,300 mortgage debt on the family residence-office awarded her.

By statutory Section 452.330.1 entitled "Disposition of property, factors to be considered", the trial court shall consider each spouse's contribution to the marital property, their respective economic circumstances, and a spouse's contribution as a homemaker.

Here, the wife entered the marriage with substantial monetary assets used to acquire marital assets; husband had little if any such assets, his contribution was mainly labor in home construction. The parties' respective earning capacities are favorable to the husband. The trial court could have concluded the wife's household expenses exceeded the total of husband's ordered child support allowance and her own earned income.

On the basis of statutory provisions previously cited we deny husband's initial point. Our decision is supported by the closely parallel case of *Leonard v. Leonard,* 628 S.W.2d 364 (Mo.App.1982), where we held the trial court there had properly followed the statutory factors:

> "... 'contribution of each spouse to the acquisition of the marital property' and the 'economic circumstances of each spouse ... including the desirability of awarding the family home ... to the spouse having custody of any children.' The evidence clearly showed that wife and her family contributed substantially to the purchase of the family residence. Further, wife was shown to have a much smaller annual income than husband, but did not request nor receive maintenance."

This brings us to husband's claim of error in the $1,200 award to the wife for her attorney's fees. He relies on such cases as *Kieffer v. Kieffer,* 590 S.W.2d 915[7] (Mo. banc 1979), which declare attorney fees are to be paid by the party who can "more easily absorb" the payment. Husband does not point to an evidentiary basis for his contention here. Instead, the evidence here showed substantial property awarded to husband and his earnings far in excess of his wife's. Point denied. Compare the host of cases annotated in Missouri Digest Vol. 10B, Divorce, Key 223.

Affirmed.

CRANDALL, P.J., and REINHARD and CRIST, JJ., concur.