## In re the MARRIAGE OF Margaret Sue HEDRICK and John Charles Hedrick

**Margaret Sue Hedrick,
Petitioner-Appellant,**

and

**John Charles Hedrick, Respondent.**

No. 13000.

Missouri Court of Appeals,
Southern District,
Division Two.

Oct. 12, 1983.

Kenneth W. Johnson, Johnson, Greene & Sweeney, Springfield, for petitioner-appellant.

James L. Eiffert, Ozark, for respondent.

PREWITT, Judge.

The former wife appeals from a decree dissolving the parties' marriage, complaining of the trial court's division of the equity in the marital home. The question presented is if the trial court properly considered in making that decision that the home was received from respondent's parents for considerably less than its fair market value, and that his parents made other substantial gifts to them.

The home was built on a lot given the parties by respondent's parents. Respondent's father, a contractor, did the principal construction of the home at no profit to himself. He was reimbursed $24,500, his actual costs. When the home was completed its fair market value was approximately $35,000. At the time of trial its fair market value was approximately $40,000. However, because of subdivision restrictions that would have prevented a nursing home from being located there, Central Health Care Center, Inc. agreed to purchase the home under a contract which resulted in a gross price of $74,963.13. The contract was executed before trial but not closed until after the decree. The parties have stipulated to the sale price and that after the loan on the house was paid off, it netted $52,-772.53.

The parties lived together slightly over six years. No children were born of the marriage. At the time of trial appellant's gross salary was $1,288.33 and respondent's $1,330. There was no marital misconduct and the parties' financial contributions toward their marital property was apparently approximately equal. Of the marital property other than the home, $4,000 in value was awarded to appellant and $3,450 to respondent. No maintenance or attorneys fees were awarded.

Noting that disposition of the marital home was the principal issue before him, in his findings the trial judge stated:

"We have concluded that we will give consideration to the contribution made by respondent's parents. In our view, if the courts do not do so, such law will act as a restraint on parents and they will be hesi-tant to assist a young couple just getting started in this manner. * * * If persons getting a start in married life do not receive help from their parents, because of the fear of the law, it would preclude many young people getting a start, and above and beyond this is the fact that it would be inequitable for one family to make all of the contribution and the other family make none, yet reap an economic profit out of litigation commenced by the one whose family made no contribution. This seems particularly applicable where the marriage is not of long duration and no children are involved."

The trial court awarded appellant 40% of the net proceeds from the sale of the house and respondent 60%, provided that respondent's 60% does not exceed appellant's 40% "by more than $9,600.00. Any funds in excess of such amount shall be divided equally between the parties."

Appellant contends that the trial court erred in dividing the proceeds from the sale of the house because the court based its division not upon the factors set forth in § 452.330.1, RSMo 1978, but on the sole basis that the home was built on a lot given both parties by respondent's parents and was built by respondent's father at no profit to him.

The record does not show that the trial court ignored the provisions of § 452.330.1. The trial court judge indicated he was giving consideration to the aid given by respondent's parents but there was no indication that this was his sole consideration.

The distribution of marital property under § 452.330.1 is to be "just". It need not be equal. *Calia v. Calia,* 624 S.W.2d 870, 872 (Mo.App.1981). In awarding marital property the trial court must consider all relevant factors including, but not limited to, those set forth in § 452.330.1. *Moseley v. Moseley,* 642 S.W.2d 953, 959 (Mo.App. 1982). Within its statutory discretion, the trial court can consider the source of marital property. Id.

██ Evidence that a wife and her family made the major contribution toward the

purchase of the parties' residence was held relevant to the division of marital property in *McLaughlin v. McLaughlin,* 585 S.W.2d 567, 568 (Mo.App.1979). See also, *Leonard v. Leonard,* 628 S.W.2d 364, 365 (Mo.App. 1982). Reasoning similar to that of the trial judge here has been followed in other jurisdictions. See *In re Marriage of Wallace,* 315 N.W.2d 827, 830–832 (Iowa App. 1981); *In re Marriage of Herron,* 608 P.2d 97, 99–102 (Mont.1980).

■ Although parents' aid to their child and his or her spouse might be given to them both, under normal circumstances the in-law benefits only because of the marriage. Ordinarily the concern for their child would be the prime reason the parents would make such a gift. Of course, parents who have knowledge or seek it, regarding a spouse's separate property, could tailor their gifts so that they remain the separate property of their child. However, as a practical matter this often will not occur because of a lack of knowledge or because by doing so the parents feel that they would incur the displeasure of their child's spouse. We believe that the reasons set forth by Judge Powell for his consideration of the parents' contributions were reasonable and well stated. He did not err in considering the gifts and aid given by respondent's parents to the parties in making the distribution of marital property. A "just" division of marital property was made here.

The judgment is affirmed.

MAUS, P.J., and HOGAN, J., concur.