**In re the MARRIAGE OF Winifred M. TUNE and Larry D. Tune.**

**Winifred M. Tune, Plaintiff-Appellant,**

**and**

**Larry D. Tune, Defendant-Respondent.**

**No. 14538.**

Missouri Court of Appeals,
Southern District,
Division Two.

Sept. 22, 1986.

Ronald D. White, Rolla, Joseph W. Rigler, Joplin, John D. Beger, Price & Beger, Salem, for plaintiff-appellant.

Ronald J. Fuller, Rolla, for defendant-respondent.

PREWITT, Presiding Judge.

Appellant appeals from a decree of dissolution of marriage, contending that the trial court erred in its division of marital property and in denying her maintenance.

The parties were married on March 1, 1980. One child was born of the marriage, a female born January 4, 1983. The parties separated on March 31, 1985. Respondent is a mechanic working for the federal government at Fort Leonard Wood. At the time of trial he was earning $8.45 an hour. Appellant was employed as a telephone operator for United Telephone Company in Rolla, earning $8.57 an hour. She testified that she would be losing her job approximately three months after the trial as her employer was reducing the employees at that location.

Appellant had been employed as a telephone operator for six years. She said that was her only employment skill. She testified there would be no jobs for telephone operators in the Rolla area after the reduction in work force. She has been offered a transfer to Warrensburg, but she desired to stay near Rolla where her family lived. At trial she was residing in her parents' home, but wanted to secure a residence for herself and her daughter. Appellant had enrolled in a Monday evening college course and wished to pursue a degree, apparently full time.

The trial court valued the parties' net marital property at $121,250. Appellant received $10,450 in value of the marital property and respondent $110,800. As a part of the property division respondent was ordered to pay appellant $20,000, payable at $250 per month for 24 months and the balance of $14,000 at the end of the 24 monthly payments. There was to be no interest unless respondent failed to make a timely payment. Appellant received custody of the parties' daughter. Respondent was ordered to pay $200 a month child support for the child, except during the month of July when he was to have actual custody of her.

We first discuss appellant's contention that the trial court erred in the division of marital property. The principal assets of the parties were three tracts of real estate. One was a 32–acre tract containing a house where the parties lived. It was owned by respondent previous to the marriage. On April 12, 1984, respondent conveyed this tract to himself and appellant. The trial court valued this property at $40,000. It was subject to a debt of $9,000. The parties also owned an 82–acre tract containing a house where respondent's parents live. This land was deeded without financial consideration by respondent's parents to the parties. The trial court found this tract to be worth $60,000. A third tract of land purchased by the parties was valued at $1,000.

At trial appellant did not request any of the real property, apparently because the properties are close and she did not want to live that near to her in-laws. The trial court awarded all real estate to respondent. Section 452.330.1, RSMo Supp.1984, states that the court: shall divide the marital property in such proportions as the court deems just after considering all relevant factors including:

(1) the contribution of each spouse to the acquisition of the marital property, including the contribution of a spouse as a homemaker;

(2) the value of the property set apart to each spouse;

(3) the economic circumstances of each spouse at the time the division of property is to become effective, including the desirability of awarding the family home or the right to live therein for reasonable periods to the spouse having custody of any children; and

(4) the conduct of the parties during the marriage.

■ In awarding marital property the trial court must consider all relevant factors including, but not limited to, those set forth in § 452.330.1. *In re Marriage of Hedrick*, 659 S.W.2d 352, 353 (Mo.App.

1983). These factors are used to seek a "just", not necessarily an equal result. Id.

Apparently there was no separate property, and none was set apart to either party. The trial court did not find any misconduct by the parties.

Respondent contends that the only contribution to the acquisition of the marital property by appellant was her contribution as a homemaker, and that the division was proper because the major portions of marital property were owned by respondent prior to the marriage or received by the parties as a gift from his parents.

■ In making a distribution of marital property, a trial court can consider the property's source, including that a spouse and the spouse's family made a major contribution toward the parties' assets. See *In re Marriage of Hedrick*, supra, 659 S.W.2d at 353–354. The opinion in *Hedrick* also recognizes language by Circuit Judge Jack A. Powell, noting that this consideration was "particularly applicable where the marriage is not of long duration and no children are involved." In *Hedrick*, the marital property distributed was not as disproportionate as here, and the parties had no children.

Of course, the source of the property is just one of the factors to be considered. Among the other factors for the trial court to consider in dividing marital property is the desirability of awarding the family home or the right to live therein for a reasonable period to the spouse having custody of any children. § 452.330.1(3), RSMo Supp.1984. Although appellant decided that she did not want the family home, her reasons for doing so are understandable, and providing for a residence for her and the child is still a desirable goal.

■ If an appellate court believes that the trial court has abused its discretion in a dissolution matter, it is obligated to enter the judgment the trial court should have entered if it can do so on the record before it. *In re Marriage of Runez*, 666 S.W.2d 430, 433 (Mo.App.1983); *In re Marriage of Null*, 608 S.W.2d 568, 571 (Mo.App.1980); Rule 84.14.

■ The factors used in dividing marital property are vague as to the extent of their consideration and their effect on the division. Unfortunately, these standards do not prescribe a workable method to make a division that reasonable persons would always agree upon. Far too much is left to a judge's individual beliefs on what is "just". Acknowledging that we are not infallible, we nevertheless conclude that the trial court abused its discretion in dividing the marital property and determine that for there to be a "just" result, appellant should receive an additional $11,000 to offset in part the real estate given to respondent. She would then receive slightly over one-third in value of the total assets and cash equivalent to the total value ($40,000 less $9,000 indebtedness) of the marital residence. The $11,000 additional to be paid shall be due at the same time that the previously awarded amount of $14,000 was to be paid, making the total due at that date $25,000.

■ We next consider appellant's claim that the trial court erred in not awarding her maintenance. Appellant had not sacrificed her career or remained out of the job market to become a full-time homemaker or custodian for children.* Nor did appellant sacrifice an opportunity for further education to support respondent while he furthered his education. Here, we have a presently working spouse who contends that she will lose her job and will not be able to secure adequate employment in the future in the Rolla area and wants to be a full-time college student.

---

* For an excellent discussion of this and other aspects of maintenance in Missouri, see Krauskopf, Applying the Maintenance Statute, 33 J.Mo.Bar 93 (1977); Krauskopf, Maintenance: A Decade of Development, 50 Mo.L.R. 259 (1985).

**902**

As earlier mentioned, the parties' income was substantially equal. Appellant, based upon her own testimony, contends that her employment was only going to last until December 15, 1985, approximately three months after the trial, and that she could not thereafter secure similar or adequate employment.

This could have been a proper case for the trial court to retain jurisdiction to later determine if maintenance should then have been awarded. See *Givens v. Givens*, 599 S.W.2d 204, 206–207 (Mo.App.1980). See also *Feinberg v. Feinberg*, 676 S.W.2d 5, 7 (Mo.App.1984). However, that is not a question we decide, as there was no request that jurisdiction be retained and no error is claimed that the court should have retained jurisdiction to thereafter award maintenance. The error claimed is that at the time the trial court should have awarded maintenance based upon appellant's testimony of events that she said were going to occur in the future.

An inability to support oneself is a factor which must be shown to justify an award of maintenance under § 452.335, RSMo 1978. *Sullivan v. Sullivan*, 555 S.W.2d 71, 73 (Mo.App.1977). That appellant would be unable to find suitable employment in the future was not definitely established, and the trial court did not have to believe her testimony and find that unemployment would occur. If appellant wishes to attend college full time no basis is shown to make it reasonable that respondent finance it. We cannot say that the trial court's denial of maintenance was erroneous.

The judgment is modified so that appellant receives from respondent an additional $11,000, payable at the time of the balance of the $20,000 previously awarded. In all other respects the judgment is affirmed. Costs of the appeal are divided equally between the parties.

HOGAN, FLANIGAN and MAUS, JJ., concur.