Brenda K. BATHON, Petitioner–Appellant,

v.

Ronald P. BATHON, Respondent–Respondent.

No. 52831.

Missouri Court of Appeals, Eastern District, Division Four.

Dec. 8, 1987.

William J. Fletcher, Kirkwood, for petitioner-appellant.

Leonard J. Frankel, Clayton, for respondent-respondent.

CRANDALL, Judge.

Brenda K. Bathon (wife) appeals from the decree of dissolution of her marriage to Ronald P. Bathon (husband). She alleges error in (1) the failure to award maintenance, (2) the failure to award adequate child support, and (3) the failure to award the full amount of her attorney's fees. We affirm.

The record reveals that the parties were married in September 1977 and separated in February 1984. The marriage was dissolved in November 1986. One child was born of the marriage, a son who was four years of age at the time of dissolution.

Husband had been employed throughout the marriage and, at time of dissolution, was earning over $30,000 per year. Wife had not been employed during the marriage until the separation of the parties. At the time of trial, she was employed full-time and earning over $13,000 per year. She had missed about six months of work, however, due to a recurring numbness throughout her body. She testified that the doctors had diagnosed her ailment as a "nervous condition" caused by "too much pressure." Wife owed $1,200 in outstanding medical bills.

The trial court granted primary custody of the minor child to wife and liberal temporary custody to husband. The court awarded wife child support of $200 per month. It ordered husband to maintain health insurance coverage for the child and to name the child as beneficiary on a specific life insurance policy until the child's emancipation. The court also ordered husband to "pay the costs for said child to attend Kinder Care Day Care until said child is in public school." [1]

1. Wife concedes that any claim of error as to that order is moot because the child is now in public school.

The trial court set aside certain separate property to each party and divided the marital property. Wife received a 1978 automobile, a washer, a dryer, a dining room set, a refrigerator, and all other personal property in her possession. Husband received a 1986 automobile, a pool table, a stereo and stand, china, a card table and chairs, a rifle, a coin collection, a freezer, one television set, a bedroom set, and all personal property in his possession. The court ordered husband to pay wife $600 for her interest in his pension plan. The court also awarded wife a portion of her attorney's fees in the amount of $1,000.

■ In her first point, wife asserts that the trial court erred in denying her maintenance. The trial court specifically found that she was "fully capable of supporting" herself.

At time of dissolution, wife was employed on a full-time basis. The trial court's finding that wife was capable of supporting herself was consistent with wife's testimony at a hearing approximately one year prior to the time of dissolution when wife stated that she was not seeking any maintenance and was able to support herself. At the time of that earlier hearing, she was making less money than at the time of the dissolution and was contributing to the support of another child that she was not supporting at the time of the dissolution.

■ Further, trial courts have awarded maintenance in certain recognized situations:

In keeping with the modern trend toward self-sufficiency of both spouses the courts have generally awarded maintenance in situations where the party seeking the award has devoted the majority of her life to household and maternal tasks thereby forfeiting the opportunity to develop occupational skills. Maintenance awards have also been granted in situations where the spouse seeking maintenance requires further education or training to be able to support herself. Such awards are known as 'rehabilitative maintenance.'

*Hurley v. Hurley*, 607 S.W.2d 169, 170 (Mo.App.1980) (citations omitted); *see also In re Marriage of Tune*, 716 S.W.2d 899, 901 (Mo.App.1986). Wife's circumstances fit neither of the above categories.

■ Wife argues that an award of maintenance was indicated because her ability to hold a job in the future is jeopardized by the precarious nature of her health. She has not associated this argument with a claim that the failure to award maintenance to her, as custodial parent of a six year old, was erroneous for that reason. *See* Section 452.335.1(2) RSMo. (1986). At trial, wife testified that she was still under a doctor's care for a "nervous condition" which caused her to feel numb in various parts of her body. During direct examination, she was asked, "Do you feel at this time your physical condition is stable?" She responded, "Right now, yes."

The nature and severity of wife's physical condition at the time of dissolution were not such that there was a substantial potential for disabling her from remaining self-supporting. *Compare McBane v. McBane*, 553 S.W.2d 521, 524 (Mo.App. 1977). As to her prognosis for future employment, the record before us does not clearly establish wife's future inability to work. "[T]he potential for future inability to work [must be] established by evidence exceeding mere guesswork or speculation. Mere suppositions of future inability to work are not adequate." *Abney v. Abney*, 575 S.W.2d 842, 844 (Mo.App.1978). Here, wife did not present the requisite evidence to establish her future inability to work. Wife's first point is denied.

■ In her second point, wife claims that the trial court's award of $200 per month in child support is inadequate. A trial court has broad discretion and flexibility in fashioning child support payments. The court must make an order that accommodates the needs of the minor child and the ability of the parents to meet those needs. *Toomey v. Toomey*, 636 S.W.2d 313, 315 (Mo. banc 1982), *cert. denied*, 459 U.S. 1106, 103 S.Ct. 730, 74 L.Ed.2d 955 (1982).

In the instant case, wife's financial statement lists $98· as the amount necessary to

meet the monthly living expenses of the minor child. Also, wife is not automatically absolved from all financial responsibility for the support of the child, but must bear some portion of that responsibility. *See Gray v. Gray,* 649 S.W.2d 908, 910 (Mo. App.1983). Based on the financial condition of the parties and the evidence of the child's needs in the record, we find the trial court did not abuse its discretion in ordering husband to pay $200 per month in child support. Wife's second point is denied.

 In her final point, wife alleges that the trial court erred in awarding her only $1,000 of her total attorney's fees of $2,158. Section 452.355 RSMo. (1986) vests the trial court with broad discretion in awarding attorney's fees. *Hoffmann v. Hoffmann,* 676 S.W.2d 817, 828–829 (Mo. banc 1984). Courts themselves are experts on the question of attorney's fees. *Hahn v. Hahn,* 569 S.W.2d 775, 776 (Mo.App. 1978). We have reviewed the record and find no abuse of the trial court's discretion in awarding wife only part of her attorney's fees. Wife's final point is denied.

The judgment of the trial court is affirmed.

KAROHL and GRIMM, JJ., concur.