**Beverly Sue KER, Respondent,**

v.

**Houston Corbin KER, Appellant.**

**No. 15855.**

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 6, 1989.

Scott B. Tinsley, Springfield, for appellant.

Kent O. Hyde, James D. Tucker, William C. Love, Harrison, Tucker & Hyde, Springfield, for respondent.

HOLSTEIN, Chief Judge.

Appellant Houston Ker and respondent Beverly Ker were married October 1, 1977. Both had children by prior marriages, but none were born of this marriage. Following separation on March 6, 1987, Beverly filed a petition for dissolution of marriage. Judgment was entered granting the dissolution of marriage and other relief. Houston appeals.

The points raised on appeal relate to the division of property and the award of maintenance. Trial was held in two segments, one in October of 1987 and the second in May of 1988. The points require a discussion of the facts developed during both segments of the trial.

Houston graduated from dental school in 1966. Except for a period during the marriage when his license was suspended, he practiced in his profession until the present. By 1986 his income approached $100,000 annually.

Beverly, age 43 at the time of the trial, worked at various clerical jobs prior to the marriage. Her only employment during the marriage was in her husband's dental office. She ultimately became office manager. After the separation all employment with the dental practice terminated. Although offered two jobs, Beverly did not seek or accept employment immediately after the separation. She hoped the case would be resolved quickly and she could go into business with friends. As that was not the case, she accepted part-time work at $4.00 per hour, twenty to twenty-eight hours a week, at an employment service. She was promised that the part-time work would become full-time. When employed full-time, her pay would be $600 a month plus fifty percent commissions.

The evidence of Beverly's expenses was limited to "Petitioner's Pretrial Exhibit G" which indicated monthly expenses of

$2,435. Whether that exhibit is part of the record will be discussed below.

Beverly considered herself in good health, although she had a laminectomy in 1972. That condition was complicated by torn ligaments in her back. By the time of trial, the problem persisted but could be managed if she was careful.

Beverly called an expert witness who testified that the assets of the dental practice were worth approximately $163,000. Of that amount $90,000 was allocated as good will. An exhibit detailing the elements of her expert's evaluation was rejected by the trial court on the basis that the judge had "heard the testimony." Houston called an expert who testified that the dental equipment was worth $23,000, and supplies on hand were worth $8,700. Houston's expert gave no testimony regarding good will, accounts receivable, or office decorations. Those items were considered in the evaluation made by Beverly's expert.

The dental practice was established in its present location in 1978, less than one year following the marriage. According to Beverly, the original dental equipment was purchased prior to the marriage. It had been added to so that about fifty percent of the present equipment was purchased prior to the marriage. According to Houston, the assets of his practice were purchased using $23,000 received from a sale of his interest in a dental partnership owned by him prior to the marriage. Although Beverly worked in the practice, including keeping the office open while Houston's license was under suspension, no evidence was produced showing that her services added to the value of the dental assets purchased in 1978.

The primary debt of the marriage was an income tax obligation for 1986 and prior years totalling almost $90,000. Among other complaints against her, Houston accused Beverly of being responsible for not paying the taxes. Prior to the final segment of the trial, Houston hired a firm in the business of repossessing property to pick up two vehicles in Beverly's posses-

sion. According to Houston, he intended to turn those over to the Internal Revenue Service to apply to the tax debt.

At the close of the evidence, the trial court orally indicated the value of certain items of property and identified items as marital or nonmarital. He made no specific finding as to the value of the dental practice or its assets, but stated the "practice that has been built up ... is a result of efforts of both parties."

The trial court's written decree granted a dissolution of marriage, set aside nonmarital property to each of the parties, divided marital property, and awarded maintenance. Beverly was awarded $30,000 maintenance in gross "to render the division of property herein fair and just," as well as $300 per month periodic maintenance. Although Houston listed the assets of the dental practice on his schedule of nonmarital property, such assets were conspicuously absent from the schedule of nonmarital property set aside to Houston in the court's decree. The decree did not specifically evaluate or even mention the dental practice. However the decree provided, "All marital personal property, with the exception of those itemized in the schedules herein, is awarded to the party in possession of the same, such that Respondent is awarded all personal property in his possession...." From this record it appears the trial court treated all assets of the dental practice as marital property.

The third point requires reversal, and it will be addressed first. In that point Houston claims the trial court erred in treating the assets of the dental practice as a marital asset. Property acquired by a spouse after the marriage is presumed to be marital property unless it falls into one of the exceptions provided in § 452.330.2.[1] Houston has the burden of establishing that assets of the practice acquired after the marriage were not marital property. *Corbett v. Corbett,* 728 S.W.2d 550, 553 (Mo.App.1987). However, property acquired in exchange for property acquired prior to the marriage is not marital proper-

1. References to statutes are to RSMo 1986.

ty. § 452.330.2(2). Nonmarital property may lose its character as such if there is evidence of an intention to contribute the property to the community. *True v. True,* 762 .S.W.2d 489, 492 (Mo.App.1988). An asset which was originally nonmarital property may become a marital asset in part under the source of funds rule. That rule provides that the character of the property is determined by the source of funds financing the purchase, and is considered to be acquired as it is paid for so that a portion of the property's ultimate value will be marital property. *Hoffmann v. Hoffmann,* 676 S.W.2d 817, 824 (Mo.banc 1984). Enhancement of value resulting from appreciation, inflation, changing economic conditions, or circumstances beyond the control of the parties is not marital property unless the nonowning spouse can prove that his or her contributions were a causal factor. *In re Marriage of Herr,* 705 S.W.2d 619, 622 (Mo.App.1986).

Applying the legal principles noted above to the evidence presented by both Beverly and Houston, it becomes clear that the original assets of the dental practice were not marital property. Beverly admits they were purchased prior to the marriage. Houston asserts they were purchased entirely from the proceeds of a sale of a partnership he owned prior to the marriage. *See* § 452.330.2(2). There was no evidence, clear or otherwise, indicating Houston had any intent that the original assets of the dental practice were to become joint property. Nor was there evidence that any of those assets increased in value. If Beverly's labor increased the value of the practice, that increase is measurable by the income, purchase of new equipment, and good will generated during the marriage.

The trial court did not place a value on any of the assets of the practice. The record is void as to the identity and value of the items of dental equipment acquired before the marriage and those acquired after. In order to accomplish a proper division under the source of funds rule, it is necessary to know the value of the property at the time of the marriage, the value at the time of the hearing, and the source of funds responsible for any increases in its value. *Winter v. Winter,* 712 S.W.2d 423, 427 (Mo.App.1986). The record with which we are presented makes it impossible to segregate the dental practice assets acquired prior to the marriage from those acquired subsequent to the marriage or to place a value on either. Remand for additional evidence is required.

Appellant's first and second points attack the award of periodic maintenance. The argument under the first point cites *Bathon v. Bathon,* 741 S.W.2d 100 (Mo.App. 1987), *In re Marriage of Tune,* 716 S.W.2d 899 (Mo.App.1986), *Steinmeyer v. Steinmeyer,* 669 S.W.2d 65 (Mo.App.1984), and *Brueggemann v. Brueggemann,* 551 S.W.2d 853 (Mo.App.1977). The brief suggests that under the general policy of self-sufficiency discussed in those cases, they require a denial of periodic maintenance unless the spouse seeking maintenance shows (1) the spouse has devoted her life to household and maternal tasks, thereby forfeiting career opportunities, or (2) the spouse requires further education to become self-sufficient. Appellant misapprehends those cases. They merely hold that under the policy of self-sufficiency, where a wife can or should be able to support herself through employment or should be able to do so after a period of training, there is no abuse of discretion when the trial court denies or places time limits on periodic maintenance. *Bathon,* 741 S.W.2d at 102; *Tune,* 716 S.W.2d at 902; *Steinmeyer,* 669 S.W.2d at 67; *Brueggemann,* 551 S.W.2d at 857. In each case the trial court's action was affirmed.

The court may award maintenance to a wife upon a dissolution of marriage where she is not the custodian of children, but it must appear that she lacks sufficient property, including marital property apportioned to her, to provide for her reasonable needs, and that she is unable to support herself through appropriate employment. § 452.335.1. If there is evidence that the wife's reasonable needs exceed her ability to support herself from employment and her property, including that apportioned to

her, the trial court has substantial discretion in awarding maintenance. *Hoffmann,* 676 S.W.2d at 828.

Beverly received no income-producing nonmarital property. Although she did not initially seek or accept employment, when she finally went to work her job was only part-time. She also had rental income of $250 per month from marital property set aside to her.

The only evidence of her needs is found in a pretrial exhibit which appellant's brief contends was not before the court. He correctly notes that Beverly never gave the specific amount of her expenses. However, she testified that the pretrial exhibit contained an itemization of those expenses. Houston is also correct that the exhibit was not offered in evidence. It was filed with the court as a pretrial exhibit.

■ Ordinarily the filing of an exhibit listing expenses does not put it before the court as evidence. *Ramsdell v. Ramsdell,* 758 S.W.2d 202, 204 (Mo.App.1988). It is equally true that a party may not conduct himself throughout a trial with the understanding that a fact is not controverted and then take the position that it has not been proved on appeal. *Smith v. New Plaza Pontiac Co.,* 677 S.W.2d 941, 944 (Mo. App.1984).

■ There are at least two places in the record where Houston's attorney seems to acknowledge that the pretrial exhibits were before the court. The first of those was the following dialogue:

MR. TINSLEY [Houston's attorney]: Judge, just for the record I think we might be able to stipulate and introduce in evidence an exhibit that reflects the debts against these properties also.

THE COURT: Well, the pretrial—

MR. TINSLEY: We've got those exhibits, the pretrial exhibits, that's right.

THE COURT: So there's no dispute between the parties on any of those?

MR. TINSLEY: That's right.

Thereafter, the following exchange occurred:

THE COURT: All right, thank you. Do you have any exhibits that were admitted previously?

MR. TINSLEY: I don't believe so, Judge. I think Jim [Beverly's attorney] and I have kind of combined our pretrial exhibits and those were used together as petitioner's exhibits at the last hearing.

The comments by the lawyer representing Houston are sufficient to lead the trial court and Beverly's lawyer to believe that the pretrial exhibits which were not specifically objected to or contradicted were in evidence. We stop short of approving such a slipshod approach to presentation of the evidence. However, the comments and conduct by Houston's lawyer were sufficient to waive any claim that the pretrial exhibit was not before the court.

■ "Pretrial Exhibit G" shows Beverly's claimed monthly expenses to be $2,435. When measured against her income from work and rent, her expenses far exceed her income. That is so even if one considers income from her somewhat speculative, but anticipated, full-time employment. We cannot say that the award of $300 per month is an abuse of discretion.

The second point attacks a proviso in the decree that periodic maintenance "shall not terminate upon [Beverly's] remarriage, unless at that time [Houston] has paid all those debts ordered paid in Schedule 5." The primary debt is an income tax obligation of nearly $90,000. The explanation given by the trial judge was that "there would be a contingent liability on the part of the wife for these taxes that I ordered the husband to pay, I would want to have the protection of a decree that awards payments for support." The trial court sought to provide an incentive to encourage Houston to pay the tax obligation assigned to him.

Houston's second point argues that an extension of maintenance beyond remarriage must be supported by substantial evidence that Beverly needs such support. No authority is cited which reaches that conclusion. The appellant's brief cites *Doerflinger v. Doerflinger,* 646 S.W.2d 798 (Mo. banc 1983). Under *Doerflinger,* when

periodic maintenance is awarded it is required to be for an indefinite period unless there is substantial evidence to justify imposition of a time limitation. *Id.* at 802. *See also Newport v. Newport,* 759 S.W.2d 630, 635–6 (Mo.App.1988). The award of periodic maintenance in this case is for an indefinite period.

A trial court is authorized to make provision for maintenance that will continue after remarriage. § 452.370.2. The statute contains no evidentiary prerequisite for an order permitting continuation of support after remarriage. Therefore, as with other orders relating to maintenance, such order will not be set aside unless there is an abuse of discretion. In this case Houston has demonstrated a propensity not to pay joint debts and to allow the joint claims to be enforced by the seizure of property possessed by Beverly. Given that propensity, there is no abuse of discretion in awarding maintenance which, if the marital debts are not paid, will continue beyond remarriage. We conclude there was no error in the award of periodic maintenance.

Because the trial court will be reexamining a part of the division of marital property, and the apportionment of marital property is one factor considered in the award of maintenance, the question arises whether the trial court should reconsider the periodic maintenance award. Without reiterating the evidence, it is doubtful that the dental equipment purchased in 1977 or 1978 will amount to a substantial part of the value of the dental practice assets. Certainly that equipment's value will be quite small when compared to the value of the total marital property. We assume the trial court will, as it did previously, award such portion of the dental practice assets as it determines to be marital property to Houston. Such apportionment is reasonable and the parties apparently do not find it objectionable. Should any adjustment in the division of marital property be required to make the new apportionment equitable, the trial court may make a reasonable adjustment in the award of maintenance in gross. The award of periodic maintenance need not be disturbed.

The determination that the assets of the dental practice were entirely marital property is reversed, and the cause remanded for the purpose of determining which of the assets of the dental practice were acquired before and after the marriage, a determination of the source of funds responsible for any increase, and, if there has been any increase, the value of the assets at the time of the marriage and at the time of the dissolution of marriage. The trial court shall then set apart to the husband his separate, nonmarital contribution to the dental practice assets and equitably divide the balance of the newly determined marital portion between the parties. The court may make such adjustment in the award of alimony in gross as may be necessary. The judgment in all other respects is affirmed.

GREENE and FLANIGAN, JJ., concur.

CROW, P.J., recuses.