Larry **CROSBY**, Appellant,

v.

Andrea K. **CROSBY**, Respondent.

Nos. 70563, 70318.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 25, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 31, 1997.

Case Transferred to Supreme Court
May 27, 1997.

Case Retransferred to Court of
Appeals Sept. 30, 1997.

Original Opinion Reinstated
Oct. 6, 1997.

W. Morris Taylor, Clayton, for appellant.

Timothy M. Joyce, Warrenton, for respondent.

RHODES RUSSELL, Presiding Judge.

Larry Crosby ("Husband") appeals from a dissolution judgment which set apart to his former wife, Andrea Crosby, ("Wife") ownership of certain real property which had been conveyed by her to him prior to their mar-

riage. Husband also appeals the award of attorney's fees on appeal granted to Wife by the trial court. We find no error and affirm the trial court.

During a previous marriage, Wife purchased 12.99 acres of land with a small two bedroom house on Highway B in Warrenton. Wife used $23,000 she received from a personal injury settlement to purchase the property in full. When that marriage was dissolved in 1991, the parcel was set apart to her as her separate property. Wife's first husband, who had been ordered by the court to pay certain remaining marital debts, filed bankruptcy. Creditors of the first husband attempted to collect the debts from Wife. Wife borrowed $7,000, secured by the Highway B property, to pay her personal debts.

Husband and Wife began dating in early 1992. On May 12, 1992, the parties entered into a sales contract whereby Husband would "purchase" the Highway B property from Wife for $7,275.45, the remaining loan balance on the property. The estimated value of the property at that time was between $40,000 and $50,000. The transaction was closed at a title company and the deed was duly recorded.

Husband acknowledged that his purchase of the Highway B property was a "bargain." He asserted he made the purchase for business reasons. Wife, however, testified the transfer was made in order to keep her former husband's creditors from executing on the property. The banker, with whom the parties consulted when transferring the land between themselves, testified that one of the parties told him of this concern and further stated that an attorney had suggested this course of action. The banker suggested to the parties that a quitclaim deed could be used to convey the land back to Wife in the event something happened to Husband. The parties said they would discuss that later and made no agreement at that time. Husband said he never agreed to reconvey the land, while Wife asserted that Husband had agreed to give the property back to her whenever she requested.

The parties married in August 1992. The property was refinanced in February 1993 in both parties' names. The couple had two checking accounts, one which Wife primarily used and one which Husband primarily used. Each deposited his or her own paycheck into his or her own primary account. In addition, Wife's premarital personal injury settlement funds, for which she received a monthly check, were deposited into her account. The loan payments and real estate taxes were paid out of Wife's account. Husband never made any of the loan payments, but stated that Wife made the payments in lieu of paying him rent for her living on the Highway B property. After their separation in June 1995, Husband left the property and all subsequent loan payments continued to be made by Wife. Husband filed for dissolution on June 30, 1995.

At the February 14, 1996 dissolution hearing, both parties claimed ownership of the Highway B property. Husband offered the deed as proof of his ownership and argued that any evidence beyond the four corners of the deed was parol evidence and inadmissible. Wife countered that the transaction was a "sham" as Husband had previously represented that he would reconvey the land to her and was now stating he never had any intention of doing so.

The court admitted the evidence of the parties' prior discussions and alleged agreement. In its judgment, the court stated, "It is further ordered that the deed ... be set aside and rescinded, the Court having found that the conveyance of the property to the Petitioner (Husband) was a result of Petitioner's fraud." Wife was awarded the parcel and Husband appeals.

After judgment, Wife filed a motion for attorney's fees on appeal and was awarded $1,500 by the trial court. Husband appeals the granting of those fees. The two appeals are consolidated.

Our review is governed by the principles found in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The judgment of the trial court must be affirmed unless there is no substantial evidence to support it, it is against the weight of evidence or it erroneously declares or applies the law. *Romkema v. Romkema*, 918 S.W.2d 294, 296 (Mo.App. 1996).

## I. Highway B Property

Husband makes four arguments regarding the trial court's decision to award the Highway B property to Wife. He maintains the court's usage of the word "fraud" in the judgment was error. Husband first argues that fraud was not pled by Wife and can, therefore, not be considered in dividing this property. It is true that fraud, as a cause of action, must be pled with particularity. Rule 55.15. However, fraud was not the cause of action here. This was a dissolution proceeding in which the court was dividing the assets of the parties, as it is required to do under § 452.330 RSMo 1994.[1] In determining that the Highway B property was the separate property of Wife, the court considered the relevant factors found in § 452.330. These factors included how the deed was procured and the details surrounding the conveyance. The court heard testimony and viewed evidence that Husband "purchased" the land, valued over $40,000 for $7,275.45, and had Wife, during the marriage, make the mortgage payments as rent for her living on the property with Husband.

We view the evidence as favorable to the decree, disregard contrary evidence and defer to the trial court even if the evidence could support a different conclusion. *Bixler v. Bixler*, 810 S.W.2d 95 (Mo.App.1991). The trial court has the prerogative to determine the credibility of each witness and can accept or reject all, part, or none of the testimony. *Schaffer v. Haynes* 847 S.W.2d 814, 820 (Mo. App.1992). Finding it unlikely that Wife would pay rent to Husband, much less convey the parcel for less than one-quarter of its value, the trial court rejected Husband's assertions and set apart the land to Wife as her separate property. The credible evidence was that the transfer of the parcel to Husband was made for the convenience of the parties and lacked adequate consideration.

Husband also cites *Schultz v. Curson*, 421 S.W.2d 205 (Mo.1967) for the proposition that a deed made for the purpose of avoiding creditors is not void for fraud. We agree, but the fraud found by the trial court is from Husband's misrepresentation at the time of Wife's execution of the deed that he would reconvey the property to Wife. The court did not find that the parties' motive to transfer the parcel to Husband to avoid Wife's creditors was fraudulent.

Second, Husband contends that he never gave his implied consent to try a fraud claim, contrary to allegations in Wife's brief. This point is now moot, as we have determined the pleading of fraud is not required in this dissolution action.

Husband's third argument is that the court did not have the authority to rescind the deed by which Wife conveyed the Highway B property to Husband. Again, the trial court has the authority under § 452.330 to determine the status of the property, marital or separate, and then divide it in an equitable manner. *Busby* at 599. Upon considering all relevant statutory factors, the court properly determined the Highway B property should be set apart to Wife.

Husband's last point concerns two findings made by the trial court. First, the court found that the parties agreed prior to their marriage that the property was to be reconveyed by quitclaim deed to Wife at a later date. Second, the court found that Husband misrepresented his state of mind at the time of the execution of the deed by leading Wife to believe he would convey the land back to her when he had no intention of doing so.

Husband asserts that there must be clear, cogent evidence to support these two findings. In order to meet this burden of proof, he asserts that Wife needed to show both misrepresentation and reliance. *Etheridge v. Hammer*, 450 S.W.2d 207, 210 (Mo. 1970). According to the *Etheridge* court, constructive trusts are proven by "cogent, clear and convincing evidence." *Id.* at 207. Although the trial court made no mention of creating a constructive trust of the Highway B property, there is cogent, clear and convincing evidence that there was misrepresentation by Husband and reliance by Wife. Not only did Wife explicitly make this assertion, but it is unlikely that she would have

---

1. Unless otherwise noted, all further statutory references are to RSMo 1994.

conveyed her home and land to a man she was dating for less than one-fourth its value, and then continue to make the payments on the property herself, if she did not expect him to reconvey it to her. Indeed, at trial Husband admitted that Wife asked him to put her name on the deed, but he refused. Husband and Wife testified with conflicting accounts as to the circumstances surrounding the deed. As the trier of fact, the trial court had ample opportunity to evaluate the credibility of the witnesses and rejected Husband's testimony and believed Wife's. Point denied.

## II. Attorney's Fees

The trial court awarded $1,500.00 in attorney's fees on appeal to Wife based on § 452.355.1. Husband contends the awarding of attorney's fees to Wife for her expenses in defending this appeal represents an erroneous application of law. Husband claims the action is no longer a dissolution suit, but rather a claim in equity "engrafted ... by the trial court upon the dissolution action."

Husband cites *Burris v. Burris* 904 S.W.2d 564, 571 (Mo.App.1995) to support his claim that § 452.355.1 is inapplicable. *Burris*, however, was a common-law fraud action concerning concealed marital property. *Id.* at 564. The suit herein is a Chapter 452 dissolution proceeding. There was no attempt to conceal any property. This action remains a dissolution action on appeal from a court order which dissolved the marriage and divided the property owned by the parties. The trial court has the authority to award attorney's fees for actions under § 452.355.1. *Conway v. Conway* 657 S.W.2d 26, 27 (Mo. App.1983).

Second, Husband contends that the trial court abused its discretion in awarding attorney's fees pendente lite to Wife because: 1) the award was not based on substantial evidence; 2) the parties appear to have equal financial means; 3) Wife waived rights to fees by not requesting such fees at the trial level; and 4) Wife failed to show the nature and cost of legal services provided.

It is well established that the trial court has broad discretion in awarding attorney's fees and its ruling is reviewable only for abuse of discretion. *Trapani v. Trapani*, 686 S.W.2d 877, 878 (Mo.App.1985). The trial court has the power pursuant to § 452.355.1 to make an award of attorney's fees considering all relevant factors. The financial resources of both parties is not the only factor under the statute for a court to consider.

Husband erroneously claims that Wife waived her right to attorney's fees by not requesting the fees at the trial level. An appeal is treated as a distinct stage for which attorney's fees may be granted. *Potter v. Desloge*, 625 S.W.2d 927, 930 (Mo.App.1981).

Lastly, Husband argues that Wife failed to support her request for attorney's fees by stating the nature and cause of the necessary legal services. This argument is also without merit. The trial court is deemed to be an expert on the subject of attorney's fees and needs no other evidence as to the value of an attorney's services. *General Electric Credit Corp. v. Stover*, 708 S.W.2d 355, 363 (Mo.App.1986). The awarding of fees is discretionary and stands unless found to be arbitrary. *Id.* We find no error. Point denied.

Judgment is affirmed.

SIMON and ROBERT G. DOWD, Jr., JJ., concur.