A. Bryant **FOSTER**, Respondent,

v.

Judith Ann **FOSTER**, Appellant.

No. 47987.

Missouri Court of Appeals, Eastern District, Division Three.

June 26, 1984.

---

Jerry J. Murphy, St. Louis, for appellant.

Bernard A. Barken, Clayton, for respondent.

REINHARD, Judge.

Husband filed a petition for dissolution against wife in 1977. The parties were married in May of 1961. Two daughters were born of the marriage; Louisa, born December 30, 1963 and Nayla, born February 26, 1969. The parties entered into a separation agreement which was found by the court not to be unconscionable. The marriage was dissolved on October 13, 1977 with the separation agreement being incorporated into the decree of dissolution. As provided in the separation agreement, the care and custody of the minor children were awarded to the mother. Husband was granted reasonable rights of visitation. Husband was to pay wife child support in the sum of $212.50 per month, per child. The court further awarded maintenance to the wife in the amount of .$1,125.00 per month. The separation agreement provided the husband should pay all reasonable extraordinary medical and dental expenses of the children. It further provided that the husband would pay for college education for the children. Responsibility for payment of pre-college private school education and language lessons for the children was not resolved, but as stated in the agreements, the parties "shall attempt to work these matters out on an amicable basis." The separation agreement made further provisions as to the disposition of the marital property.

In October, 1981, wife filed a motion to modify the decree of dissolution. As grounds, she alleged that since the time of the decree husband's income had dramatically increased and the needs of the respondent, both for herself and the children, had also increased. This motion to modify culminated with a signed stipulation and agreement of the parties. In accordance with that stipulation, on December 29, 1981, the court ordered the husband to pay wife maintenance in the amount of $2,000.00 per month and reduced the child support for each of the two children to the sum of $200.00 per month, for each child.

On March 15, 1983, respondent filed another motion to modify. Husband filed a motion to dismiss alleging the petition failed to state a claim for relief. On September 22, 1983, the court heard and granted husband's motion to dismiss. The order dismissing also contained a stipulation which modified the decree. It provided that the husband pay tuition and expenses for Nayla at Villa Duchesne and changed the temporary custody arrangements. The order was signed by counsel for both parties.

The wife filed a motion for reconsideration and vacation of the order dismissing the motion to modify and requesting leave to file an amended motion. The motion was denied. Wife appeals, contending that the court erred in dismissing the motion to modify.

▆▆▆ The scope of review of the motions to dismiss requires an examination of the pleadings allowing them their broadest meaning, construing the allegations as favorable to the movant, and determining whether a ground for relief had been stated under substantive principles of law.

*Porter v. Crawford & Company,* 611 S.W.2d 265, 266 (Mo.App.1980). Here, in order to state a claim for relief, wife must plead a change of circumstances from the last modification that is "so substantial and continuing as to make the terms [of the previous modification] unreasonable." § 452.370, RSMo.Supp.1983. *In re Marriage of Goodrich,* 622 S.W.2d 411, 413 (Mo.App.1981).

■ Wife's motion alleges changed conditions in two paragraphs. The fifth paragraph states, "that since the *rendition of the Decree of Dissolution,* there has been a substantial and continuing change of circumstances relating to the temporary custody of Nayla C. Foster, ..." On its face these allegations would not be sufficient to entitle movant to relief because they allege change of circumstances since the decree of dissolution rather than from the original modification.

■ The fourth paragraph of wife's motion to modify states four grounds for relief which she alleges are substantial and continuing changes of circumstances. We consider them in reverse. Subsection (d) states, "The aforesaid minor child has expressed a strong desire to attend Villa Duchesne for her high school education, as did her older sister, Louisa Foster." In her brief, wife acknowledges this claim for relief has been removed as an issue from the case by stipulation. We, therefore, do not consider subsection (d). Subsection (c) alleges that "The petitioner is earning more money than at the time of said decree...." Subsection (b) states, "The expense for providing care and support has increased since the decree of dissolution." These allegations would not state grounds for relief because they allege changes since the date of the decree rather than the previous modification. We, therefore, face the only allegations which would possibly entitle movant to relief in her motion to modify. Subsection (a) states, "The needs and desires of said minor child has increased."

The decree of dissolution rendered on October 13, 1977, provided for child support in the amount of $212.50 per month,

per child. In 1981, wife filed a motion to modify. On December 29, 1981, per her agreement, the child support was reduced to $200.00 per month. Fourteen and one half months later, wife filed this motion to modify with her only possible sustainable allegation for relief being the "needs and desires of said minor child has increased." The four years from October, 1977 through December, 1981 was one of the greatest periods of inflation in the history of the United States. However from December, 1981 through March, 1983, when this motion to modify was filed, inflation had decreased substantially to a minimal level of increase.

■ The trial court determined the mere allegation of increased needs and desires did not state a claim for relief. We conclude the court's dismissal of wife's motion was not error in light of the short period of time since the previous modification.

■ The legislature enacted § 452.370, RSMo.Supp.1983, to impose a more strict standard for modification to discourage recurrent and insubstantial motions for modification. *Titze v. Cunningham,* 661 S.W.2d 623, 624 (Mo.App.1983). While we are unwilling to adopt a fixed rule as to the length of time that a party must wait before attempting to modify a prior decree or modification, if it is a short period of time there must be an allegation of some extraordinary change in circumstances to trigger relief. The alleged changes must be more than the expected and predictable increases in the children's general expenses since it is presumed that such factors were taken into account in making the original award or prior modification. *See In re Marriage of Cook,* 636 S.W.2d 419, 421 (Mo.App.1982); In re *Marriage of Johanson,* 569 S.W.2d 337, 338 (Mo.App.1978). Here there is nothing alleged that would indicate that anything had occurred which would not have been expected or predictable since the last modification on December 29, 1981.

We are cognizant of the fact that the court should be extremely lenient in permit-

ting amendment of the pleadings. However, in light of the consented modification on the day of the dismissal of the petition, and the other factors involved in the record of this case, we conclude that the court did not commit error in failing to permit the amendment of the petition.

Affirmed.

KAROHL, P.J., and CRANDALL, J., concur.