Neal SPAETH, Appellant,

v.

Beverly SPAETH, Respondent.

No. 48945.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 21, 1985.

Thomas J. Frawley, Webster Groves, for appellant.

Harold G. Johnson, St. Ann, for respondent.

SMITH, Presiding Judge.

Husband appeals from an order modifying a decree of dissolution to provide for increased child support, payment of certain bills and wife's attorney's fees.

The parties were originally divorced in 1973. Custody of the three children was placed in the wife and husband was ordered to pay $25 per week per child. In February 1977 the decree was modified to increase the child support to $35 per week per child. On December 7, 1982, child support was again increased to $60 per week per child. On September 15, 1983, wife filed the present motion to modify. In support of the increase in child support she alleged (1) that the children are older and require more food, clothing and other essentials, (2) that the cost of living has increased substantially, (3) that husband's income has increased, (4) that wife's income has decreased, (5) that wife has tuition expenses for two of the children and an unpaid tuition bill for $3,100.00. All changes were alleged to have occurred subsequent to the 1982 modification.

In *Foster v. Foster*, 673 S.W.2d 108 (Mo. App.1984) [6], we stated:

"The legislature enacted § 452.370, RSMo.Supp.1983, to impose a more strict standard for modification to discourage recurrent and insubstantial motions for modification.... While we are unwilling to adopt a fixed rule as to the length of time that a party must wait before attempting to modify a prior decree or modification, if it is a short period of time there must be an allegation of some extraordinary change in circumstances to trigger relief. The alleged changes must be more than the expected and predictable increases in the children's general expenses since it is presumed that such factors were taken into account in making the original award or prior modification."

Following hearing the trial court ordered (1) child support increased to $80 per week per child, (2) husband to pay $3,033 for past due tuition to St. Mary's High School for the eldest son "to permit said minor child to receive his high school diploma," (3) husband to pay tuition due and future tuition for the second son to St. Mary's High School, (4) husband to pay college tuition for the eldest son not to exceed $1,500 per year, (5) husband to pay all medical and dental expenses incurred by the minor unemancipated children which are not covered by husband's health insurance, (6) husband to pay $2,080.00 as attorney's fees.

The trial court in its findings of fact, found that wife's income had increased and her expenses and those of the children had decreased from the time of the last modification. Husband's income had also increased. All but $93.50 of the indebtedness to St. Mary's for the eldest child's tuition was due and owing prior to December 7, 1982. In the modification decree of 1982, the court specifically stated, "that one child is now attending a private school and that the second child will attend the same private school next year." There was no evidence of how much medical or dental expense is not covered by hospitalization insurance. In her statement of income and expenses filed for the 1982 modification, wife listed medical and dental expenses per month for the children of $135.00. Her statement of income and expenses for the present modification listed the same expense items at $25.00. There was no evidence that the eldest son planned to attend college, had applied for college, or what

expense he would incur in attending college.[1]

■ On the record before us we find no support for the modifications ordered by the trial court. There is no showing of "extraordinary change in circumstances" since the last modification to justify the increase in child support. The St. Mary's indebtedness existed prior to that modification and presumably was considered by the trial court in making that modification. The attendance at St. Mary's of the second son was also known at the time of the 1982 modification and was specifically referred to in that decree. Child support was increased by 71% in the 1982 modification and we must presume that increase took into account the educational status of the children. The record does not support any allowance for college for the eldest son as it fails to demonstrate any desire or intention of the young man to attend college prior to his majority in January 1986. The record further does not establish medical or dental expenses in excess of the insurance coverage in amounts even as great as those present at the time of the 1982 modification.

■ Nor can we allow the award of attorney's fees to stand. Wife's petition for the present modification alleged facts insufficient to authorize a modification, or facts which were equally true prior to the 1982 modification, or facts which were demonstrated to be untrue by wife's own income and expense statements which were signed by her under oath. While we normally defer to the award of attorney's fees by the trial court, there was here no basis for even seeking the modification. It is patently unfair to require husband, regardless of his ability to pay, to finance wife's unjustified efforts to modify the decree which had been substantially modified only 9 months before the present action was commenced. Wife's motion to file affidavit

to supplement record on attorney fee award is denied.

Judgment reversed.

SNYDER and SATZ, JJ., concur.

---

1. By affidavit filed in this court the father states that the eldest son has not in fact graduated from high school because he lacks 1 credit of the graduation requirements. That information was not before the trial court and we do not consider it, as well as other non-record assertions by both parties.