Edith Carolyn BOGUSKY,
Petitioner-Respondent,

v.

Thomas Samuel BOGUSKY,
Respondent-Appellant.

No. 50137.

Missouri Court of Appeals,
Eastern District,
Division Three.

April 22, 1986.

Claude C. Knight, Knight & Schoeneberg, James Carmichael, St. Charles, for respondent-appellant.

Francis L. Ruppert, Clayton, for petitioner-respondent.

GARY M. GAERTNER, Judge.

Husband appeals from the trial court's order modifying a marriage dissolution decree. Pursuant to the modification, husband's child support obligation was increased from $220 per month to $800 per month, and wife received permission to permanently remove the parties' minor child from Missouri. We affirm, with modifications.

The trial court entered a decree dissolving the marriage on August 21, 1978. The decree provided that husband would have primary care, custody and control of the parties' only child, Kimberly Ann Bogusky, born November 24, 1967.

On January 12, 1979, the decree was modified by consent of both parties. That modification provided in part that husband would pay the costs of Kimberly's college education for four years, including expenses for tuition, room, board and books.

On February 18, 1983, the dissolution decree was again modified by consent. That modification provided that wife would thereafter have primary care, custody and control of Kimberly. The modification agreement further provided that husband would pay wife $220 per month for child support, and that wife could not remove Kimberly from Missouri for more than ninety days without specific court authorization or husband's written consent.

Wife filed her present motion to modify on June 6, 1984. On November 8, 1984, wife amended that motion. In her amended motion, wife requested authority to remove Kimberly from Missouri for more than ninety days so that Kimberly could attend a private school in Georgia. While attending this school, Kimberly would reside with her maternal grandparents in Palmetto, Georgia. Wife also requested an increase in child support to cover the increased costs of tuition and other expenses.

At the hearing on wife's motion to modify, wife testified that she intended to move to Aruba, the Netherlands, Antilles, in June or July of 1985. She had already made plans to remarry and settle in Aruba. Wife testified that her expenses for Kimberly at the time of the most recent modification (February 18, 1983) were $610 per month. She estimated that if Kimberly moved to Georgia her expenses would increase to approximately $1000 per month. Kimberly testified that she was about to finish her third year of high school, and was scheduled to graduate in June of 1986.

After hearing all the evidence, the trial court entered a modification order allowing wife to permanently remove Kimberly from Missouri, and increasing husband's child support obligation to $800 per month. Husband appeals from that order.

■ In his first point on appeal, husband argues that the trial court erred in admitting and considering evidence of his financial status prior to February 18, 1983, the date of the most recent modification. Husband raised no objection, however, when this evidence was offered and admitted into evidence at the hearing. By his failure to object, husband has waived his right to have this alleged error reviewed on appeal. B_____ v. B_____, 673 S.W.2d 819, 824 (Mo.App.1984). We have nevertheless considered this alleged error under the plain error rule, Rule 84.13(c), and found no manifest injustice or miscarriage of justice. Accordingly, this point is denied.

■ In his second point on appeal, husband argues that the record did not contain substantial evidence to support the trial court's order increasing husband's child support obligation from $220 per month to $800 per month.

The amount of child support set by the trial court is subject to review only to determine whether the trial court has abused its discretion or erroneously applied the law. *Moran v. Moran,* 681 S.W.2d 510, 513 (Mo.App.1984). Under section 452.-370.1 RSMo Cum.Supp.1984, a modification may only be granted if the movant establishes that since the date of the most recent modification there has occurred a change of circumstances so substantial and continuing as to make the terms of the previous modification unreasonable. *Foster v. Foster,* 673 S.W.2d 108, 110 (Mo.App.1984). This section was enacted to impose stricter standards on modifications, thereby discouraging recurrent and insubstantial motions for modification. *Magaletta v. Magaletta,* 691 S.W.2d 457, 458 (Mo.App.1985).

In the instant case, wife testified that at the time of the latest modification her expenses for Kimberly were $610 per month. At that time, wife agreed that husband should pay only $220 per month in child

support, thereby leaving wife to provide an additional $390 in support. Wife further testified that Kimberly's expenses would increase to approximately $1000 per month if she resided and attended school in Georgia. Based upon this evidence, the trial court increased husband's child support payments to $800 per month, thus leaving wife to provide only $200 per month for Kimberly's support. The evidence does not indicate, however, that wife's ability to contribute to Kimberly's support has diminished since the latest modification. We hold, therefore, that the trial court abused its discretion by increasing husband's child support payments from $220 to $800 per month, a difference of $580 per month. Child support should have been increased only by the amount that Kimberly's monthly expenses have increased since the latest modification, which is $390 (from $610 to $1000). Child support should thus be increased to $610 per month, leaving wife to provide $390 per month for Kimberly's support.

■ We find, furthermore, that the trial court abused its discretion by increasing child support for an indefinite period of time. Kimberly has only one year of high school remaining, after which she will presumably attend college. Husband has already agreed, pursuant to the January 12, 1979, modification agreement, to pay the costs of Kimberly's college education. To maintain the increased child support in effect during the periods when Kimberly is in college would thus force husband to pay twofold for Kimberly's support. We hold, therefore, that the increased child support payments shall be suspended during such periods of time that Kimberly is enrolled in college. During those periods, husband shall pay only $220 per month for child support.

■ In his third point on appeal, husband argues that the trial court erred in allowing wife to remove Kimberly from Missouri, because this order effectively transferred legal custody of the child to third parties, the maternal grandparents. We disagree. Although wife intends to

relinquish physical custody of Kimberly to the maternal grandparents, wife continues as legal custodian and remains primarily responsible for Kimberly's care and control. If Kimberly was a very young child, then the transfer of physical custody to a third party might pose a more significant problem. Kimberly was, however, over seventeen years old at the time of the hearing, and testified that she wanted to move to Georgia. We note, moreover, that despite husband's objection to this transfer of physical custody, at no time during these proceedings did he move to obtain legal custody of Kimberly. Accordingly, this point is denied.

In his final point on appeal, husband argues that the trial court erred in granting wife's motion because the motion did not state a claim upon which relief could be granted. Husband contends that wife's motion is deficient on its face because it alleges only that a change of circumstances has occurred since the original dissolution decree, not since the most recent modification. *See Foster v. Foster*, 673 S.W.2d 108, 110 (Mo.App.1984). Our review of wife's amended motion indicates, however, that it makes sufficient reference to the modified decree in alleging a change of circumstances. Accordingly, this point is denied.

The judgment is affirmed as modified herein. Husband is required to pay $610 per month for child support, except during those periods when Kimberly is enrolled in college, when his payments shall be $220 per month.

KAROHL, P.J., and SIMON, J., concur.