**In re the Marriage of Karen Gail NULL, Petitioner–Respondent,**

v.

**Mark Edward NULL, Respondent–Appellant.**

**No. 53064.**

Missouri Court of Appeals, Eastern District, Division One.

March 22, 1988.

Herbert A. Kasten, Jr., St. Louis, for respondent-appellant.

Brunson Hollingsworth, Patricia A. Riehl, Hillsboro, for petitioner-respondent.

REINHARD, Judge.

Father appeals from a trial court order that modified the child support provisions of a dissolution decree and denied his motion to modify the child custody provisions of the decree. We affirm in part and reverse in part.

The marriage of the parties was dissolved and primary custody of their two minor children was awarded to mother, subject to father's rights of visitation and temporary custody. The decree ordered father to pay mother $55 per week per

child as child support and incorporated by reference the parties' written separation agreement. The agreement included the provision that "[s]uch payments shall abate during periods of model changes." At the time of the dissolution proceedings and the modification hearing, father was an automobile assembly line worker.

Three months after the dissolution, father filed a motion to modify the decree to transfer primary custody of both minor children to him from mother. In the motion he alleged numerous changes in the circumstances of the children and mother that made modification necessary. In her reply mother denied most of father's allegations. In the prayer portion of her reply she requested the court to dismiss father's motion because of his alleged failure to pay child support, to order him to pay mother's attorney fees, and to "affirm the decree." [1]

The court heard evidence on father's motion. At the hearing, the court stated, "Let the record show that this Court had nothing to do with the approval of the language of that settlement agreement. The Court is going to have quite a bit to do with the modification of that agreement." The court modified the dissolution decree the same day of the hearing

> by striking the sentence in paragraph 9 of the Agreement, "Such payments shall abate during periods of model changes." ... [C]hild support payments will commence immediately; Court will hold [father] liable for child support payments as of January 1, 1987, and that will be calculated as an arrearage, for which judgment does now issue; in all other respects, the Motion for Modification is hereby dismissed....

On appeal, father alleges the trial court's failure to modify the child custody provisions of the decree is against the weight of the evidence. We have reviewed the merits of father's contentions in light of the standards set forth in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976), and conclude from the record that the judgment denying the requested modification is supported by

substantial evidence and the trial court did not erroneously declare or apply the law. We affirm this portion of the judgment pursuant to Rule 84.16(b).

Father also contends the trial court erred in ordering modification of the child support provisions of the decree, asserting, among other reasons, that "neither party requested such a modification...."

■■■ A motion to modify a divorce decree is in the nature of an independent proceeding; the pleadings are to be treated as in an original action. *Engler v. Engler*, 455 S.W.2d 36, 37 (Mo.App.1970). Rule 55.26(a) applies to this action. *See* Rule 41.01 and §§ 452.300.1 and 452.310.1, RSMo 1986. Rule 55.26(a) provides in pertinent part:

> An application to the court for an order shall be by motion which, unless made during a hearing or trial, shall be made in writing, shall state with particularity the grounds therefor, and shall set forth the relief or order sought.

A court's power to modify a decree is dependent upon proper application being made. *Kipper v. Vokolek*, 546 S.W.2d 521, 526–27 (Mo.App.1977). Although her overruled motion to strike contained allegations about a child support arrearage and the "prayer" in her reply to father's motion referred to a failure to pay child support, mother made no application, in writing or orally, for the trial court to modify the child support provisions of the decree. In fact, mother asked the court "to affirm" the original decree.

Father's motion dealt only with custody; he did not raise the issue of child support. This is not like *Marriage of P.K.A. and J.E.A.*, 725 S.W.2d 78 (Mo.App.1987), and *Stuart v. Stuart*, 637 S.W.2d 371 (Mo.App. 1982), cases in which the non-custodial parents were held to have interjected the issue of child custody by filing their motions for contempt against the custodial parents.

The portion of the trial court's order that modifies the child support provisions of the decree is reversed. Mother will have an

---

1. Prior to the hearing on father's motion, the court overruled a motion by mother to strike father's pleadings because of his alleged failure to pay child support.

opportunity, if she desires, to seek modification of the child support provisions of the original decree.

Affirmed in part; reversed in part.

GARY M. GAERTNER, P.J., and CRIST, J., concur.