**Karl S. SCHEIDT, Petitioner–Appellant,**

v.

**Beverly A. SCHEIDT, Defendant–Respondent.**

**No. 55637.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 12, 1989.

John L. Doskocil, Thomas Andrew Spoon, Crestwood, for petitioner-appellant.

Joyce Marian Capshaw, Clayton, for defendant-respondent.

STEPHAN, Judge.

The marriage of the parties was dissolved on April 9, 1981. Respondent filed her motion for modification of the decree on March 13, 1986. At the time of the dissolution, the two children of the marriage, Lori Ann Scheidt and Karl Steve Scheidt, were 11 and 9 years old, and at the time of the hearing on the motion to modify, 19 and 16 respectively. In her motion for modification, respondent alleged that there had been a change in circumstances so substantial and continuing as to make the terms of the original decree unreasonable. The original decree provided that appellant pay to respondent, $45 per week per child in child support, that appellant provide health insurance for the minor children, that appellant pay not less than fifty percent of the cost of the minor children's college education and that appellant pay maintenance of $100 per month for twelve months. The use of the marital home was awarded to respondent, with a provision that the home be sold when the younger child reached the age of 21 years and the proceeds therefrom be divided between the parties. Respondent was ordered to make the mortgage payments with major repairs to be divided between the parties.

In her motion, respondent alleged: expenses incurred in maintaining the family residence had substantially increased since the entry of the decree; appellant's income had substantially increased, he had remarried and his present spouse was earning a lucrative income; and, at the time of the entry of the decree the minor children were 9 and 11 years of age, that when the motion was filed they were 14 and 16 years of age, resulting in an increase in expenses. Respondent claimed that these facts constituted a change of circumstances so substantial as to make the amount of child support originally decreed to be unreasonable.

Appellant is 45 years old and has been employed at Guarantee Electrical Company since June 30, 1977. He remarried on April 2, 1982. Appellant and his present wife have no children by their marriage.

At the time of the original decree, appellant's gross monthly income was $2500.00, which netted him $1553.41. The gross income for 1987 for appellant and his present wife was $70,777.00. Both appellant and his wife have received increases in salary since 1987. Currently, appellant's salary is $3,856.00 per month, plus $414.00 per month for car allowance. His wife's salary is $18,800.00 per year. Appellant also receives dividend income of $36.00 per month, rental income of $350.00 per month, and interest income totalling $397.83 per month. Excluding his wife's income appellant's monthly gross income is $5053.83. Presently, appellant's monthly expenses total $2964.00, excluding the $390.00 he pays for child support. His wife contributes toward the monthly expenses.

Appellant's assets include: real estate located at 4707 Heidelberg which is valued at $30,000.00 and has no mortgage, a home at the Lake of the Ozarks, valued at $58,000.00 with no mortgage, one-half of the marital residence, 1040 Woodland Trails, valued at $55,000.00 with no mortgage, and, 2304 Sue Lynn, valued at $55,000.00 and carrying indebtedness of $22,000.00; a 1983 Chevrolet Blazer; a Buick; a 1983 Citation boat on which $3,500.00 is owed; bank accounts at Gravois Bank with a balance of $36,000.00, Community Federal Savings & Loan with a combined balance of $8,400.00 and Roosevelt Federal Savings & Loan, in his wife's name, with a balance of $2000.00; and, approximately 150 shares of Union Electric stock, as well as some Interco stock.

At the time of the original decree respondent's gross income was $734.00 per month. Her present gross wages are $1575.00 per month and her net take-home salary is $1,220.20 per month. She has interest income of $1,100.00 per year, or $91.67 per month. She receives $390.00 per month child support.

Respondent's assets include her one-half interest in the marital home, a 1986 Chevrolet, a total of $14,890.45 in various bank accounts, and $1,250.00 in U.S. Savings bonds. Other than furniture and miscellaneous personal property, respondent has no other assets. Her monthly expenses are $2159.97, not including one-half of her daughter's college expenses which she is required to pay. This figure also does not include one-half of the major repairs needed on the marital home for which she is responsible.

Respondent states that she has incurred an increase in the cost of living with bills, utilities and food prices all having risen. The children, Lori and Karl, are older. Lori is in college and Karl in high school. Their expenses for clothes, school, and activities have increased.

The trial court found a substantial and continuing change of circumstances such that the provision of the original decree regarding child support has become unreasonable. The amount of child support was increased to $675.00 per child per month. The court also found that pursuant to § 452.355, RSMo 1986, appellant should pay $2,500.00 of respondent's attorney's fees.

The judgment of the trial court will be sustained unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court has considerable discretion in awarding child support, and we set aside its decree or judgment only if we firmly believe the court's decision is wrong, or the court has abused its discretion. *Morovitz v. Morovitz*, 743 S.W.2d 893, 894 (Mo.App.1988). The moving party has the burden of proving a substantial and continuing change in circumstances warranting a modification. *Lyles v. Lyles*, 710 S.W.2d 440, 442 (Mo. App.1986).

Appellant contends in his first point that the trial court erred in sustaining respondent's motion to modify the decree of dissolution to increase child support because respondent failed to show a substantial and continuing change in circumstances. Appellant argues that respondent failed to meet her burden of proof. He states that the bulk of respondent's evidence went to show an increase in income and holdings of appellant and appellant's spouse, and that respondent presented no detailed evidence of the direct or indirect expenses of the children.

In determining whether a substantial change in circumstances has occurred, the trial court is authorized to consider "all financial resources of both parties, including the extent to which the reasonable expenses of either party are, or should be shared by a spouse." § 452.370.1, RSMo 1986. A change in circumstances may exist due to the increased expenses of a growing child and due to inflationary trends. *In re Marriage of Burroughs*, 691 S.W.2d 470, 475 (Mo.App.1985). These factors, coupled with an increase in the parent's earnings, may constitute a change in circumstances making the original terms unreasonable and necessitating an increase in child support. *Lyles*, 710 S.W.2d at 443.

In this case, wife presented detailed and specific evidence of the additional expenses. The court took judicial notice of all of the parties' financial statements at the time they were filed for the hearing on modification and at the time of the dissolution. These statements specifically set out wife's increased expenses and husband's increased salary and assets. They further show that the direct and indirect expenses of the children have increased substantially since the time of the dissolution. Factors such as the increased ages and expenses of the children, inflation, and an improved financial situation of the father may constitute a change in circumstances warranting an increased child support award. *Lyles*, 710 S.W.2d at 443. Point I is denied.

Appellant's second point asserts somewhat repetitiously that the trial court erred in increasing the amount of child support from $45 per week per child to $675 per month per child in that the increase is not supported by the evidence on

the record, is against the weight of the evidence or amounts to an abuse of discretion because respondent failed to present specific and detailed evidence.

Respondent presented, and appellant stipulated to, her statement of income and expenses. On this statement respondent claimed that the monthly expenses for the minor children totalled $702.80. At the time the original decree was entered this amount totalled $495.00. Appellant argues that, if child support should be increased at all, it should only be increased the amount of the difference, $207.80, relying on *Bogusky v. Bogusky*, 710 S.W.2d 445 (Mo. App.1986).

In *Bogusky*, the wife moved to modify the decree of dissolution so that she could remove the minor child from Missouri for the purpose of attending a private school in Georgia plus an increase in child support. The motion was granted and child support was increased from $220 per month to $800 per month. Husband appealed. We held that the child support should have been increased only to the extent that the child's expenses had increased, noting the wife's ability to contribute to the daughter's support had not diminished. *Id.* at 447.

■ In the instant case, respondent is unable to maintain the home or pay the expenses of her children. She testified that she was unable to pay her daughter's college tuition for the past year, and was unable to make major repairs to the home. Increases in indirect expenses such as housing, utilities and transportation should be considered in determining an increase in child support. *Jaudes v. Jaudes*, 715 S.W.2d 329, 332 (Mo.App.1986).

We, therefore, hold that the trial court did not abuse its discretion in accepting respondent's testimony. It is necessary for her to provide a proper environment for the children, and it is appropriate that the non-custodial parent assist in this task where he clearly has the resources to do so. Point II is denied.

Appellant's last point is that the trial court erred in increasing the amount of child support for an indefinite period of time when appellant is already bound to pay one-half of the children's college expenses and one-half of the major home repairs. *Bogusky*, 710 S.W.2d at 447.

In *Bogusky*, discussed *supra*, the trial court also held that the increase in child support had to do with the fact that the child's expenses would increase when she entered college. Husband was already obligated to pay the costs of his daughter's education. We, therefore, ruled that the increase would be suspended during the period of time the daughter was enrolled in college. *Id.* at 447.

Respondent is already unable to meet the expenses she is obligated to pay. This fact distinguishes the present case from *Bogusky* where the father paid the entire education expense pursuant to decree, and the mother was capable of meeting her own obligations regarding the child. Point III is denied.

When respondent sought a modification of the appellant's child support obligation, she brought before the court appellant's entire child support obligations not just the weekly support provision. The order of modification provides that appellant pay respondent "as and for child support for the two minor children the sum and amount of six hundred and seventy-five dollars ($675.00) per child per month ...". Our interpretation of that order is that appellant's sole and total support obligation for his children is the payment of $675.00 per month per child, and any prior child support obligations undertaken by him in the original decree or in the stipulation filed with the decree are no longer effective. On the basis of that interpretation of the order we affirm the judgment of the trial court.

SMITH, P.J., and SATZ, J., concur.