**Alexander Bayard CLARK III,
Respondent,**

v.

**Barbara Chapman CLARK, Appellant.**

No. 57787.

Missouri Court of Appeals,
Eastern District,
Division Five.

Dec. 18, 1990.

Timothy Francis Noelker, Gerald J. Zafft, St. Louis, for respondent.

Norman C. Steimel, III, Bertram W. Tremayne, Jr., Clayton, for appellant.

SIMON, Judge.

Appellant Barbara Chapman Clark (wife) appeals certain aspects of a dissolution decree. We affirm in part and reverse and remand in part.

Husband and wife were married on December 23, 1967. Two sons were born of the marriage: Alexander Bayard IV (Alex) on June 29, 1971, and James Montgomery (Jamie) on January 25, 1976. The parties separated on or about April 20, 1987, and husband filed a petition for dissolution of marriage on October 7 of that year. Husband thereafter voluntarily provided wife with maintenance and child support amounting to $1,200 per month, and paid the mortgage payment, wife's therapy, insurance, and Alex's college tuition and expenses.

At the time of trial, husband was employed as an executive vice president of a bank, earning $114,700 per year. Wife was unemployed but had a bachelor's degree in English and a master's degree in teaching. During the marriage she was primarily a homemaker, although she briefly worked as an employment counselor, a tutor, and also had held a part-time job selling chocolates. At the time of trial she was enrolled in an interior design program. Wife planned to complete her studies in three years, after which she hoped to go to work, and stated she could earn $12,000 per year, increasing to between $20,000 to $30,000 if she performed well.

The parties acquired several assets during the course of their twenty-two year marriage, including a home valued at $300,000, three cars, several bank accounts, a deferred compensation account containing $14,178, retirement accounts totalling $74,042, a vested interest retirement plan of $7,992, two life insurance policies with a combined face value of $200,000, and numerous items of personal property. The home was encumbered by a $168,000 mortgage, and the parties had additional debt of $26,000.

The trial court entered its revised findings of fact, conclusions of law, and decree of dissolution on December 28, 1989. Wife was awarded primary physical and legal custody of Jamie, child support for Jamie of $960 per month, the home, a 1982 Audi, several items of personal property, and $7,500 in attorney's fees. She was also awarded rehabilitative maintenance as follows: (1) $300 per month maintenance and $1,914 per month as the mortgage payment for six months following the date of the decree or until the house is sold; (2) thereafter, $1,800 per month for one year; (3) $1,500 per month for the remainder of the three year period following the effective date of the decree. Husband was awarded visitation with Jamie as set forth in the decree, $13,000 from the sale of the home, a 1985 Peugot, his deferred compensation plan and retirement plans, five shares of stock, two life insurance policies, $10,000 to be paid by wife, and personal property as specified in the decree. The court declined to make a specific award as to Alex, except wife was awarded $200 per month child support during the periods Alex was at her home on breaks from college.

Wife appeals, contending the trial court erred in: (1) failing to fashion a permanent child support order for Alex because Section 452.340.5 RSMo 1986 (all further statutory references shall be to RSMo 1986) continues the child support obligation to age twenty-two for a child attending an institution of higher learning; (2) limiting her maintenance award to three years and structuring it to automatically decrease during that period, because there was insufficient evidence of any impending change or a reasonable expectation of change in her financial situation so as to warrant such a limitation; (3) failing to consider her tax consequences in selling the marital home and ordering her to pay husband $23,000, because the resulting distribution is unduly weighted in husband's favor and is therefore unjust; (4) awarding him the wardrobe cabinet and long glass/wood side table, because those items had been sold and were no longer subject to the trial court's jurisdiction, and; (5) its award of attorney's fees to her, because

the award was the result of bias and prejudice on the part of the trial court towards her.

■ Our standard of review in this court-tried case is the oft-quoted standard enunciated in *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The decree or judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, or unless it erroneously declares or applies the law.

We first address wife's second point on appeal, which contends the trial court erred in its award of rehabilitative maintenance, structured to last three years and decrease in intervals over that time period, because there was insufficient evidence of an impending change in her financial circumstances during that time.

At the time of trial, wife was pursuing a course of study in interior design. She testified she needed twenty-nine additional credit hours to obtain a certificate, which she believed she could complete in about three years. She also testified she was disabled due to pre-menstrual syndrome, but felt she would be able to work as an interior designer because she would be able to set her own hours. By way of deposition, her treating physician testified he felt wife's condition would not interfere with her ability to seek employment. Wife further testified her monthly expenses exceed her income by $637.95, which she covered by borrowing from her father.

■ A trial court has considerable discretion in determining maintenance awards. *Siegenthaler v. Siegenthaler*, 761 S.W.2d 262, 265[1] (Mo.App.1988) An award of limited maintenance should be affirmed if there is any rational basis to support it. *Hutchins v. Hutchins*, 687 S.W.2d 703, 706[7] (Mo.App.1985). Implicit in a limited maintenance award is the conclusion the recipient spouse will be self-supporting at the end of the time period. *Pemberton v. Pemberton*, 756 S.W.2d 660, 662[2] (Mo. App.1988). A limited maintenance award must be based on evidence showing either

an impending change in the recipient spouse's financial condition, or a reasonable likelihood such change will occur. *Hutchins,* 687 S.W.2d at 706.

■ We find the three-year limitation of wife's maintenance award to be unsupported by substantial evidence. There was no substantive evidence wife would complete her certification program in three years. Her testimony at trial, when asked, "Maybe three years?" for her to complete the program, replied, "About that." When asked if she intended to work in the interior design field she said, "That would be my hope, yes." We conclude that this evidence is not sufficient to show an impending change in wife's finances, or a reasonable likelihood such change will occur. We are constrained to reverse the duration of the maintenance award. In light of this result, on remand the trial court should review the amount of the award and its duration, if any.

Wife's next point on appeal alleges the trial court erred in not making a permanent child support award as to Alex, because Section 452.340.5 continues the support obligation for him.

The parties stipulated that Alex was eighteen years old and a college freshman. Husband testified he was paying Alex's educational costs and intended to continue doing so. He further stated he has been paying $200 per month directly to Alex since Alex went to college, deducting that amount from wife's support payment. Husband wished to continue this arrangement, but wife testified this was not agreeable to her. The trial court found that Alex was sufficiently mature to decide where he wished to spend breaks from school, and therefore made no award of custody pertaining to him. The court further required husband to pay wife $200 per month child support for Alex during the months Alex is actually residing with her. The court did not order husband to continue paying Alex's college expenses or making the $200 monthly payment directly to Alex.

■ A trial court has broad discretion in awarding child support. *Toomey v. Too-*

*mey,* 636 S.W.2d 313, 315[1] (Mo. banc 1982). Wife argues the trial court erred in refusing to order husband to continue paying Alex's college bills and furnishing support money to wife for Alex year-round because Section 452.340.5 continues the parental support obligation for a child attending an institution of higher learning until completion or age twenty-two, whichever occurs first. Section 452.340.5 extends an obligation ordered pursuant to Section 452.-340.1 past the child's eighteenth birthday if the child is continuing his or her education.

■ Once, however, the trial court has made a child support award for a college-age child, the award must comply with the standard set forth in Section 452.340.1. We will uphold such an award unless there is an abuse of discretion. *See Scheidt v. Scheidt,* 776 S.W.2d 470, 472[2] (Mo.App. 1989). We note that wife has not questioned the $200 monthly amount for Alex in this appeal, even though it is below the guidelines set out in Form 14 of the Rules of Civil Procedure (which were not mandatory when this case was tried), the apparent source of the $960 per month support awarded for Jamie. While we find no abuse of trial court discretion in the refusal to make a year-round award, we do find an abuse of discretion in the amount of support awarded for Alex when he is residing with wife.

The trial court heard little evidence on the monetary needs of the children, yet awarded wife $960 per month for Jamie and only $200 per month for Alex during the times he stayed with her. It is inconceivable to us how wife can support an eighteen-year-old, even temporarily, on $200 per month. Despite the parties' stipulation concerning Alex, on remand the trial court should consider making an order awarding custody of Alex. In reviewing Section 452.375 in conjunction with other relevant sections, it is clear custody should be awarded to either or both parents. In any event, it is preferable. Further, the trial court on remand should adduce testimony concerning Alex's college costs and make an appropriate award. *See Toomey,*

636 S.W.2d at 315–16; *May v. May*, 801 S.W.2d 728 (Mo.App.1990).

Wife's third point alleges the trial court erred in failing to consider her tax consequences upon the sale of the marital home, and requiring her to pay husband $13,000 out of the net proceeds, plus an additional $10,000. She asserts the resulting property division is in husband's favor, and is therefore unjust.

The trial court's order was fashioned to encourage the sale of the marital home. The home was sold on May 4, 1990, for $346,000, $46,000 more than the value assigned to it by the trial court. Wife argues that by awarding her the home, she is saddled with the burden of paying a capital gains tax on the proceeds from the sale, effectively reducing her property award. This, she argues, coupled with the disparity in the parties' earning potential, makes the property award unfair.

■ Tax consequences of a dissolution are a factor to consider in making property division awards. *Mika v. Mika*, 728 S.W.2d 280, 285[8] (Mo.App.1987). There was, however, no evidence adduced at trial concerning the tax consequences from the sale of the house. In light of the resolution of wife's first two points, the trial court should, on remand, reexamine the property award.

Although we reverse and remand as to wife's first three points, we shall, in the interests of judicial economy, address the remaining points.

Wife next asserts the trial court erred in awarding husband a wardrobe cabinet and a long glass/wood side table because these items had been sold and were therefore no longer subject to the trial court's jurisdiction.

■ Wife admits that when a spouse improperly sells personal property during the separation period, the trial court may adjust its property award to reflect such an act. *See Dove v. Dove*, 773 S.W.2d 871, 874 (Mo.App.1989). Aside from that, she relies on *Ravenscroft v. Ravenscroft*, 585 S.W.2d 270 (Mo.App.1979), for the proposition that when title to marital property is in the name of a third person, that person must be joined in the dissolution proceeding before that property can be awarded to one of the spouses.

*Ravenscroft* is inapposite to this case. There, the property in question was the marital home. The parties titled the property in the husband's parents' names because at the time the home was purchased, both husband and wife were under eighteen years of age, and they felt their youth may cause problems later. The court there concluded joinder of the elder Ravenscrofts was required in order to fully adjudicate the property award, as they, throughout the marriage, were the record owners of the home. That is not the case here. Husband and wife were the sole owners of the property after its acquisition during the marriage, and until its sale.

Furthermore, wife has neither alleged nor shown prejudice by virtue of the award. It is elementary that error without prejudice to the complaining party is not grounds for reversal. Rule 84.13(b); *Glasscock v. Miller*, 720 S.W.2d 771, 775 (Mo. App.1986). The furniture in question was awarded to husband, and was not offset in wife's property award. Neither was she required to reimburse husband for the value of the items or give him the sale proceeds. While this award is unusual, the record does not reveal any present injury to wife.

Wife's final point asserts the trial court erred in awarding to her only $7,500 in attorney's fees, because the award was the result of the trial court's bias and prejudice against her.

■ It is axiomatic that a trial court has broad discretion in awarding attorney's fees. *Hogrebe v. Hogrebe*, 727 S.W.2d 193, 194 (Mo.App.1987). The trial court is also considered an expert on the subject of attorney's fees. *Bathon v. Bathon*, 741 S.W.2d 100, 103 (Mo.App.1987). A reviewing court must defer to the trial court in matters of credibility and demeanor, as it is in a superior position to judge those elements. *Rapp v. Rapp*, 789 S.W.2d 148, 150[1] (Mo.App.1990).

 The proceeding was the culmination of a long and litigious struggle between the parties. Wife owed all of her attorneys a total of $28,811.50. A careful review of the record reveals no evidence of bias or prejudice on the part of the trial court towards wife. Although the award of fees represented less than half of what was owed, this fact alone does not render the award erroneous. *See T.B.G. v. C.A.G.*, 772 S.W.2d 653, 655 (Mo. banc 1989); *Bathon*, 741 S.W.2d at 103. We find no abuse of discretion.

The trial court's judgment is reversed and remanded as to wife's first three points for proceedings consistent with this opinion. The remainder is affirmed.

CRANDALL, C.J., and BRADY, Senior Judge, concurs.