Michael W. BURCH, Movant/Appellant,

v.

Shelly Y. BURCH,
Respondent/Respondent.

No. 58199.

Missouri Court of Appeals,
Eastern District,
Division Four.

March 12, 1991.

Ronald D. White, James K. Robinson, II, Rolla, Joseph W. Rigler, Salem, for movant/appellant.

Frederick H. Schwetye, Kurt Hellmann, Union, for respondent/respondent.

CARL R. GAERTNER, Judge.

Michael W. Burch appeals from an order modifying the child custody and support provision of a decree of dissolution. We reverse and remand.

Michael and Shelly Burch are the father and mother of Michael Jr., who was born on December 16, 1983. Their marriage was legally dissolved on July 18, 1986. By the terms of the dissolution decree the parties were granted joint legal custody of Michael Jr. Primary physical custody, however, was given to the mother subject to father's visitation rights. In addition, father was required to pay seventy-five dollars ($75) per week to mother for child support.

On September 2, 1988, father filed a motion to modify the decree of dissolution. He requested a modification giving him primary care and custody of the child and requiring mother pay him a reasonable amount for child support. Subsequently, he abandoned his request for child support.

As a basis for his motion to modify, father alleged that mother had subjected the child to an unwholesome and immoral lifestyle by living with a man to whom she was not married. In addition, he stated she had lived with Ronald Parton who is an ex-convict and, at the time of the action, was being prosecuted for murder. Further, he asserted mother had subjected the child to numerous changes in residence in the short period of time between the divorce and the time of this action; that she was emotionally unstable and this instability had and continues to have an adverse psychological impact on the child.

Pending the disposition of father's motion to modify, the court entered an order of temporary custody on December 23, 1988 granting custody of Michael Jr., to his father. However, before the entry of this order the mother voluntarily relinquished custody of the child because she thought that it would be in the best interest of the child for the time being. At this time she was a key witness for the State of Missouri in the prosecution of Ronald Parton for the murder charge. As there had been threats made to her life, she was being placed into protective custody. When she was released, however, father refused to return Michael Jr., to her.

The trial court heard evidence on the father's motion to modify on August 31, October 13, October 30, and December 19, 1989. Thereafter, on February 9, 1990 the court entered its Decree of Modification. The court ordered that joint legal custody remain unchanged and mother was to remain primary physical custodian of the child as long as she remained living with her parents. Further, the court increased father's obligation to pay child support to $425 per month and ordered the mother to pay $175 per month to father when the child is in his physical custody. The court granted mother $2,500 for attorney's fees. It is from this order that father appeals.

■ Our scope of review is set forth in *T.G.B. v. C.A.G.*, 772 S.W.2d 653, 654 (Mo. banc 1989) citing *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). The trial court's decree shall be sustained unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. Further, deference is accorded to the trial court due to its opportunity to have judged the credibility of the witnesses. *Id.*

Father asserts five points on appeal: 1) the judgment is not supported by substantial evidence; 2) the court erred in awarding attorney's fees to mother; 3) the court erred in failing to appoint a guardian ad litem for the child; 4) the court erred in increasing the amount of child support; and 5) the judgment is conditional and therefore unenforceable.

After thorough examination of the record we find no merit to father's first three points. An extended discussion of these points would have no precedential value. They are denied pursuant to Rule 84.16(b).

■ Father correctly points out that in her pleadings mother requested only that he be ordered to resume paying child support pursuant to the terms of the original decree. Although father's motion to modify had requested an order that mother pay child support, this request was withdrawn. At the time of the hearings, the issue of the amount of child support was not before the court. In the absence of an application for an increase in child support payment,

the court has no authority to order such an increase. *Null v. Null,* 746 S.W.2d 655, 656 (Mo.App.1988). The order increasing the amount of child support is reversed.

 We also find merit in father's contention that the award of primary physical custody to mother "so long as she remains living with her parents" is an improper conditional judgment.

 Generally, where the enforcement of a judgment is conditional upon the occurrence or non-occurrence of future acts, the performance or nonperformance of which is dehors the record, the judgment is deemed indefinite and unenforceable. *Wallace v. Hankins,* 541 S.W.2d 82, 84–85 (Mo.App.1976). Unless a judgment is susceptible of enforcement without requiring resort to external proof, it is void. *In re Marriage of Brooke,* 773 S.W.2d 496, 499 (Mo.App.1989). [Striking a provision for child visitation with father's family if father was unable to maintain his own visitation rights.] A conditional judgment, that is one whose enforcement is dependent upon the performance of future acts by a litigant and which is to be annulled if default occurs, is void. *Luna v. Grisham,* 620 S.W.2d 427, 428 (Mo.App.1981).

In particular, provisions of dissolution decrees which order an automatic change of child custody upon the happening of some event in the future have consistently been held unenforceable. As stated in *Haldeman v. Haldeman,* 685 S.W.2d 570, 571 (Mo.App.1984), such an order "improperly predetermines what would constitute a significant change in circumstances to justify a change in custody." A dissolution decree providing for a change of custody from the mother to the father in the event the mother moved from Butler County was ordered stricken by the Court of Appeals in *In re Marriage of Dusing,* 654 S.W.2d 938, 943 (Mo.App.1983), because of failure to provide for consideration of the circumstances existing at the time of the automatic change. *See* also *N.K.M. v. L.E.M.,* 606 S.W.2d 179, 183 (Mo.App.1980). The provision in this case conditioning mother's custody upon her remaining with her parents suffers an additional infirmity by reason of its failure to make any custodial provision in the event of mother's violation of the condition.

 We are reluctant to merely order the offending condition to mother's physical custody stricken from the decree. In its findings the trial court expressed its concerns over mother's past conduct and lifestyle while living on her own and specifically noted that it was her parents who "provided a stable home and sound environment for both [mother] and her child." It was undoubtedly these considerations which caused the trial court to impose the condition upon mother's award of physical custody of the child. With this condition the trial court found both mother and father to be fit parents capable of providing adequate care to the child, a conclusion amply supported by the evidence. We cannot determine whether the trial court would have reached the same conclusion without the condition of mother and child continuing to reside with mother's parents. Child custody is a decision particularly appropriate to the exercise of the trial court's judgment and discretion.

Accordingly, the judgment ordering father to pay increased child support is reversed. The judgment granting mother primary physical custody of the child so long as she remains living with her parents is reversed and remanded with directions to enter an unconditional judgment pertaining to primary physical custody, subject to future modification upon motion. The trial court, after consultation with the parties, shall determine the necessity or advisability of further hearings regarding circumstances which may have developed during the pendency of this appeal and which may affect the child's best interest. Costs are to be equally divided between the parties.

SMITH, P.J., and SATZ, J., concur.