Stephen Stuart BALOGH, Appellant,

v.

Joyce Ann (Balogh) HUMEL, Respondent.

No. WD 45280.

Missouri Court of Appeals, Western District.

July 28, 1992.

J. David Farris, Atchison, for appellant.

Daniel L. Radke, St. Joseph, for respondent.

Before HANNA, P.J., and FENNER and ULRICH, JJ.

ULRICH, Judge.

Stephen Balogh appeals the child support provision of the August 13, 1991, judgment which modifies his and Joyce Ann Humel's October 8, 1980, dissolution of marriage judgment. The 1991 judgment changes custody of the parties' son, Aaron, from Mr. Balogh to Ms. Humel and awards Ms. Humel child support of $320.85 per month, retroactive to October 19, 1990, the date Ms. Humel filed her motion to modify. Mr. Balogh contends that the trial court erred (I) in refusing to allow Mr. Balogh's testimony about the nine years of previous support he provided for Aaron, which Mr. Balogh contends is relevant to determining the amount of support that he should now pay, and (II) in failing to fully investigate whether Aaron was self-supporting. The trial court's judgment is affirmed.

The evidence at trial proved the following facts. Mr. Balogh and Ms. Humel were divorced on October 8, 1980. Their separation agreement, as adopted by the trial court, awarded full custody of Aaron to Mr. Balogh. For the next nine years, Mr. Balogh assumed financial responsibility for his son. In December of 1989, Mr. Balogh filed a motion to establish child support. Mr. Balogh and Ms. Humel negotiated a settlement agreement wherein Ms. Humel agreed to pay $225 per month to Mr. Balogh in support of Aaron.

Aaron's residence changed twice since June 1990. From November 1989 through June 1990, Ms. Humel paid Mr. Balogh the sum of $225 per month pursuant to their agreement. In June 1990, Aaron left Mr. Balogh's home at his father's request. Aaron moved in with a friend, Robert Current. During the time Aaron resided with Mr. Current, Ms. Humel paid Mr. Current the sum of $225 for Aaron's support. In September 1990, Aaron voluntarily resided with Ms. Humel and her new family. On October 19, 1990, Ms. Humel filed her motion to modify the October 8, 1980, dissolution judgment, wherein Ms. Humel petitioned the court for custody of Aaron and child support.

At trial, the issue of Aaron's custody was resolved by the parties' stipulation. Mr. Balogh, Ms. Humel, and Aaron recommended to the trial court that Aaron's custody should be awarded to Ms. Humel retroactive to September 15, 1990. The trial court adopted this recommendation. The evidence also established that Aaron is attending the University of Missouri at Columbia. The only issue which remained to be resolved by the trial court was the amount of child support.

The parties stipulated to the completed Civil Procedure Form No. 14. This document disclosed that Mr. Balogh's annual gross income was $35,000 and that Ms. Humel's monthly gross income was $3,414.50. Calculations performed according to the guidelines of Form No. 14 set the sum of $320.85 per month as the presumed child support amount that Mr. Balogh is to pay to Ms. Humel.

In order to rebut Form No. 14's presumed child support amount, Mr. Balogh attempted to introduce as evidence his past nine years of financial support for Aaron. The trial court refused the evidence and Mr. Balogh made an offer of proof. Mr. Balogh also argued to the trial court that Aaron's self-sufficiency is important because, Mr. Balogh argued, he has no obligation to support a self-supporting child.

After hearing all the evidence, the trial court awarded Ms. Humel the presumed child support award of $320.85 per month.

## I

■ Mr. Balogh argues for his first point on appeal that the trial court made an unjust and inappropriate award of child support because it did not consider Mr. Balogh's past contributions for Aaron's support. Mr. Balogh argues that the trial court erred by not crediting his past nine year contributions against any present child support obligations.

Child support awards are reviewed on appeal only to determine whether substantial evidence supports the trial court's judgment, the judgment is against the weight of the evidence, or whether the judgment erroneously declares or applies the law. *Burch v. Burch*, 805 S.W.2d 341, 342 (Mo. App.1991). The party challenging the child support award must demonstrate error and that the judgment is incorrect. *Coit v. Coit*, 778 S.W.2d 344, 346 (Mo.App.1989).

Mr. Balogh has failed to cite any statutory or case law authority supporting his proposition that the nine years he supported Aaron should be credited against his present support obligations. In issues of child support, the interest of the child is considered above all other interests. *State ex rel. Div. of Family Serv. v. Ruble*, 684 S.W.2d 949, 950 (Mo.App.1985). Mr. Balogh's proposition, if accepted, would provide a benefit to himself while depriving Aaron of his father's statutorily-mandated support. Furthermore, no provision in Rule 88.01 or Civil Procedure Form No. 14 requires the trial court to offset present support obligations by crediting a parent's past support payments. Accordingly, Mr. Balogh has failed to show that the trial court abused its discretion or that it erroneously applied the law. Therefore, Mr. Balogh's Point I is denied.

## II

■ Mr. Balogh claims as his second point on appeal that the trial court erred in awarding child support because, Mr. Balogh argues, Aaron is self-supporting, and

Ms. Humel has relinquished Aaron from her control. Mr. Balogh's argument that Aaron is self-supporting centers on Aaron's receipt of interest income. The court in *S.L.J. v. R.J.*, 778 S.W.2d 239, 243 (Mo.App. 1989), stated that "the mere reception of interest income, even a substantial amount, does not automatically negate the need for support." Accordingly, Mr. Balogh contends, § 452.340.3(5), RSMo Supp.1991, terminates any support obligation that he may otherwise have.

Mr. Balogh's second point on appeal is contrary to both statutory and case law. Section 452.340.5 provides that "[I]f the child is enrolled in an institution of ... higher education ..., the parental support obligation shall continue until the child completes his education, or until the child reaches the age of twenty-two, whichever first occurs." Aaron is an enrolled full-time student at the University of Missouri–Columbia, and he is not yet twenty-two years old. Thus, Mr. Balogh has a statutory duty to provide child support until Aaron completes his education, is no longer a student, or attains the age of twenty-two.

■ Mr. Balogh's argument that because Aaron is self-supporting and because the custodial parent has relinquished custody he has no obligation to pay child support is without merit. The record establishes that Aaron was born on August 8, 1973, and is attending college. The evidence reveals that Ms. Humel, the custodial parent, has not relinquished custody of the minor child. Aaron's attendance at college away from home does not constitute a relinquishment of custody by Ms. Humel. In *Clark v. Clark*, 801 S.W.2d 95, 98 (Mo.App.1990), this court affirmed the trial court's judgment awarding child support to the custodial mother whose child attended college out of state. The *Clark* decision supports the general rule that a custodial parent does not relinquish custody of a minor child simply because the child attends college away from home. *Id.* Thus, Mr. Balogh is obligated to continue paying child support for Aaron until he completes his education, is no longer enrolled as a student, or reaches the age of twenty-two, whichever first

occurs. Therefore, Mr. Balogh's second point is denied.

Ms. Humel petitioned the court for attorney fees because she contends that this appeal was brought in bad faith. Ms. Humel's motion is denied.

The trial court's judgment is affirmed.

All concur.