**In the Interest of: B.J.M.T., A Minor Child By His Next Friend Carol Louise McCLURE, and Carol Louise McClure (nka Willis), Appellant,**

v.

**Richard John TEFF, Respondent.**

No. WD 57079.

Missouri Court of Appeals, Western District.

June 30, 2000.

Leslie Ann Schneider, Columbia, for appellant.

Lori J. Levine and James W. "Jamie" Gallaher, Jr., for respondent.

Before LAURA DENVIR STITH, P.J., ULRICH, J., and SMART, J.

ROBERT G. ULRICH, Judge.

Carol McClure n/k/a Carol Willis (Mother) appeals the judgment of the trial court modifying the physical custody schedule and ordering an abatement of Richard Teff's (Father) child support obligation.

Mother argues that the court erred in (1) setting forth alternate visitation schedules based on whether the parties are residing in the same community, (2) modifying the physical custody of the parties' minor son without a showing of a substantial and continuing change of circumstances in the child or the custodial parent, and (3) ordering an abatement of Father's child support obligation once he begins exercising six weeks or more of summer temporary custody. The judgment is reversed, and the case is remanded for further proceedings consistent with this opinion.

Mother and Father, who were never married, are the parents of a minor son born on May 14, 1996. Mother is a pediatrician in Columbia, and Father is a resident physician in the Division of Neurosurgery at the University Hospital in Columbia. Mother is currently married and has another son.

The original judgment of paternity, child custody, visitation and support was entered in this case on January 6, 1997. In the judgment, the parties were awarded joint legal custody of the child. Primary physical custody was awarded to Mother subject to Father's right of reasonable visitation. A specific schedule of weekly, holiday, and extended visits was entered. Additionally, Father was ordered to pay child support in the amount of $635 beginning July 1, 1997.

Father filed a motion to modify on September 24, 1998, requesting the court to modify the visitation schedule and place the child in the joint legal and physical custody of the parties. Mother filed a counter-petition for modification and contempt requesting modification and clarification of Father's visitation rights, an increase of child support, and a finding that Father was in contempt for failing to notify Mother of plans to travel with the child outside of Boone County. Prior to the hearing on the motions, Mother dismissed

count II in her motion regarding child support.

At the hearing before the family court commissioner on January 19, 1999, Father testified that he had entered into a contract with the United States Army whereby it would pay Father's final three years of college and medical school in exchange for his serving eight years in the military after completing his training. Father stated that his residency is scheduled to conclude at the end of June 2000 and that he will formally enter active duty on July 1, 2000. He testified that he did not, however, know where he would be stationed.

Following the hearing, the family court commissioner entered a proposed judgment of modification that was subsequently adopted by the trial court. It ordered that Mother and Father continue to share joint legal custody of their son. Joint physical custody was also awarded to the parties with the child's primary residence with Mother subject to specified periods of custody with Father. The court detailed a visitation schedule for Father including weekday and weekend visitation, summer and extended periods of visitation, and holiday visitation. The visitation schedule was divided into two different plans presumably in anticipation of Father's future military service. One plan provided for Father's visitation if the parties reside in the same community. The other plan provided a different visitation schedule if Father resides more than 200 miles from Mother's residence. This appeal by Mother followed.[1]

In the dispositive point, Mother claims that the trial court erred in ordering alternate visitation schedules based on whether the parties are residing in the same community. She argues that the plan entered by the trial court providing a visitation schedule for Father if he resides more than 200 miles from Mother's residence

---

1. Mother filed a motion to stay execution of the judgment pending appeal. The trial court denied the motion.

was a conditional judgment and, therefore, void.

The standard of review in this case is governed by *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976). The judgment of the trial court will be affirmed on appeal unless no substantial evidence supports it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Id.* at 32.

 Generally, where the enforcement of a judgment is conditional upon the occurrence or nonoccurrence of future acts, the performance or nonperformance of which is outside the record, the judgment is deemed indefinite and unenforceable. *Sanders v. Sanders,* 933 S.W.2d 898, 902 (Mo.App. E.D.1996). "A conditional judgment, that is one whose enforcement is dependent upon the performance of future acts by a litigant and which is to be annulled if default occurs, is void." *Shaw v. Shaw,* 951 S.W.2d 746, 750 (Mo.App. W.D.1997)(quoting *Burch v. Burch,* 805 S.W.2d 341, 343 (Mo.App. E.D.1991)). Provisions of child custody decrees that order an automatic change of custody upon the happening of some event in the future have consistently been held unenforceable. *Id.*

 The issue of whether the trial court's judgment regarding Father's future visitation was conditional, however, need not be addressed. The trial court erred in entering the judgment because insufficient evidence was presented at the hearing to support the judgment. Section 452.400 provides in pertinent part that "[t]he court may modify an order granting or denying visitation rights whenever modification would serve the best interests of the child." § 452.400, RSMo Cum.Supp. 1999.[2] While evidence was introduced at the hearing that Father would be entering active duty in the United States Army after completing his medical training in the summer of 2000, no evidence was offered regarding where he would be stationed. Based on the record, Father could presumably be stationed anywhere in the world. Although Father's service in the Army as a neurosurgeon suggests that his duty station assignment may be in a location where visitation with his son can be accommodated, the record is devoid of evidence of where Father will be stationed. Without knowing where in the world Father would be living, the trial court had insufficient evidence to decide what visitation with Father was in the best interests of the child. For instance, the visitation schedule provided that Father's "weekday/weekend visitation shall be the third weekend of the months of September, October, November, January, February, March, April and May, beginning on the third Friday of the month at 6 p.m. and ending Sunday at 6 p.m., unless there is no school the following Monday, in which event, Father's visitation is to end on Monday evening at 6 p.m." Without knowing where Father would be stationed, the judgment compelling visitation every third weekend of the month may not be in the child's best interests. The judgment is, therefore, reversed.

At oral argument, Father's counsel indicated that Father now knows where he will be transferred. The case is, therefore,

**2.** The standard for modifying visitation rights in section 452.400, RSMo Cum.Supp.1999, is applied in this case rather than the more rigorous "change of circumstances" standard in section 452.410.1, RSMo 1994, used for modification of custody. *Turley v. Turley,* 5 S.W.3d 162, 164 (Mo. banc 1999). This case involves only a change in visitation. The court's modification judgment did not change the joint legal custody of the parties or the primary custody award to Mother. Although the judgment labeled Father's rights as "joint physical custody," "periods of custody," and "visitation," there is often little or no practical distinction between an award characterized as joint physical custody and one characterized as primary custody to one party and liberal visitation to the other. *Stewart v. Stewart,* 988 S.W.2d 622, 624 (Mo.App. W.D. 1999). Such is the case here. The judgment essentially altered only Father's visitation with the child; therefore, the "best interests of the child" standard in section 452.400 applies.

remanded to the trial court for receipt of evidence regarding where Father will be stationed and for further consideration of what visitation provisions are in the child's best interests. The evidence before this court reflects that Father is currently completing his residency in Columbia and that he will not enter the Army until July 1, 2000. The present visitation schedule will remain in effect as a temporary order of the trial court subject to its discretion pending resolution of the parties' motions to modify.

The judgment is reversed, and the case is remanded.

LAURA DENVIR STITH, P.J. and SMART, J. concur.